[No. AO11948. First Dist., Div. Five. Sept. 21, 1983.]

PETER K. GOPAL, Plaintiff and Respondent, v.
SAM M. YOSHIKAWA, Defendant and Appellant.

SAM M. YOSHIKAWA, Plaintiff and Appellant, v.
PETER K. GOPAL, Defendant and Respondent.

**COUNSEL**

Barry M. Kline, Stephen Gazzera, Jr., Sharon L. Wesselius and Gazzera & Antonioli, for Defendant and Appellant and Plaintiff and Appellant.

John W. Clark and Trepel & Clark for Plaintiff and Respondent and Defendant and Respondent.

OPINION

**HANING, J.**—Appellant Yoshikawa and respondent Gopal sued each other in separate actions which were consolidated below. Neither the record nor the briefs contain nor discuss the initial pleadings or causes of action, but the cases were settled at a mandatory, judicially supervised settlement conference. The same judge who supervised the settlement conference thereafter granted respondent's motion to compel enforcement of the settlement and entered judgment thereon.

We conclude that the trial court properly enforced the agreement of the parties and affirm.

The parties and their attorneys appeared before the trial court at a mandatory settlement conference and advised the court they had agreed upon a disposition. They agreed that respondent would have a stipulated judgment against appellant which would be held for four months, after which it would be filed and executed upon if not paid. The judgment was for the principal sum of $185,000, less credit for property to be transferred to respondent. The property was valued at $3.25 per foot, less the normal costs of sale excluding any real estate commissions. St. Paul Title Insurance Company was to determine the credit for costs of sale. It was further agreed that a designated accountant would perform an accounting of certain partnership properties and appellant's credit against the judgment would be reduced by any amount he owed the partnership. Both parties personally advised the court that they agreed with the settlement.

The accountant concluded that appellant was not indebted to the partnership. The title company included in its calculation of closing costs an unpaid assessment bond against the property, and unpaid taxes due.

Appellant did not pay and respondent's motion to enter judgment was granted. In addition to challenging the trial court's authority to enter judgment for respondent, appellant contends the trial court erred by considering the unpaid assessment bond, that the taxes should have been prorated to the date of the settlement conference rather than a later date, and that the accounting was inaccurate.

■ Public policy has long supported pretrial settlements. "Not only will such agreements, when there is no fraud, be sustained by the courts, but they are highly favored as productive of peace and goodwill in the community, and reducing the expense and persistency of litigation." (*McClure* v. *McClure* (1893) 100 Cal. 339, 343 [34 P. 822].) In *Hamilton* v. *Oakland School Dist.* (1933) 219 Cal. 322 [26 P.2d 296], the Supreme Court re-

versed a judgment denying enforcement of a compromise, holding, "It must be remembered that it is the policy of the law to discourage litigation and to favor compromises of doubtful rights and controversies, made either in or out of court." (*Id.*, at p. 329.)

This policy also manifests itself in our rules.[1] Rule 207.5 provides for the establishment of settlement calendars for the superior courts. Section 9(d) of the Standards of Judicial Administration recommended by the Judicial Council states that each court should *require* settlement conferences in all cases and *require* the attendance of the parties as well as the attorneys. Both rule 217 and section 9(e) of the Standards provide sanctions and fines for failure to appear at, prepare for or participate in good faith in the settlement conference. To further encourage settlement negotiations and insure that the issues can be thoroughly and freely discussed, we also have the rule disallowing offers of compromise to prove liability. (Evid. Code, § 1152, subd. (a); *Moving Picture etc. Union* v. *Glasgow Theaters, Inc.* (1970) 6 Cal.App.3d 395, 401 [86 Cal.Rptr. 33].) In light of the clearly expressed policy promoting and supporting pretrial settlements, the establishment of formal settlement procedures is futile if the courts lack authority to expeditiously enforce settlement agreements created by those procedures.

An agreement reached at a judicially supervised settlement conference to compromise and settle a lawsuit is enforceable. However, case authorities are conflicting regarding the motion procedure utilized to enforce the settlement below. *Gregory* v. *Hamilton* (1978) 77 Cal.App.3d 213 [142 Cal.Rptr. 563] held that such an agreement is enforceable by motion. Thereafter, in *Greyhound Lines, Inc.* v. *Superior Court* (1979) 98 Cal.App.3d 604 [159 Cal.Rptr. 657], this court refused to enforce an alleged settlement which contained terms to which, *it was found,* the parties did not originally agree. But *Greyhound* recognized the *Gregory* procedure and stated, "It is common knowledge in the legal profession that judicially supervised settlement conferences are critical to the efficient administration of justice in California. When the material terms of the settlement are agreed upon at the conference, the agreement must be enforced by the court. . . . Oral agreements to compromise and settle lawsuits reached at judicially supervised settlement conferences are enforceable in a number of ways (citing *Gregory*), including by way of motion as attempted in the instant case. Such an agreement amounts to a stipulation and is enforceable as such. [Citations omitted.]" (*Id.*, at pp. 608-609.) Subsequently, *Ford* v. *State of California* (1981) 116 Cal.App.3d 507 [172 Cal.Rptr. 162], in a 2 - 1 decision, reluctantly followed *Gregory*.

---

[1]Unless otherwise designated, all references to rules refer to California Rules of Court.

*Nabi* v. *Laudermill* (1982) 130 Cal.App.3d 282 [182 Cal.Rptr. 368], *Mancina* v. *Hoar* (1982) 129 Cal.App.3d 796 [181 Cal.Rptr. 347], *Hastings* v. *Matlock* (1980) 107 Cal.App.3d 876 [166 Cal.Rptr. 229], and, most recently, *DeGroat* v. *Ingles* (1983) 143 Cal.App.3d 399 [191 Cal.Rptr. 761], have criticized the *Gregory* decision for upholding a nonstatutory "speaking" motion, and have cast doubt on the ability of trial courts to enforce judicially supervised settlements. Those decisions have suggested or ruled that the proper procedure is by way of (1) motion for summary judgment; (2) a separate suit in equity to enforce the agreement; or (3) to amend the pleadings and raise the settlement as an affirmative defense. However, *DeGroat, Nabi, Mancina,* and *Hastings, supra,* all had complications which were not present in *Gregory,* nor in the instant case. They all involved either out-of-court negotiations, enforcement by a judge other than the one who presided over the settlement conference, or conditional settlements in which it was alleged that a condition subsequent failed to materialize. The themes common to these criticisms of the enforcement procedures concern the extent of judicial supervision and disputes over whether an agreement was reached or, if so, its terms.

■  Insofar as the *Gregory* critics conclude that settlement agreements should not be enforced if issues of material fact exist concerning either the existence of the agreement, or its terms, we agree. However, when the fact of settlement and the terms thereof are not subject to reasonable dispute, to require a party to bring a separate suit in equity to enforce the agreement, or raise it by way of affirmative defense during a trial, would defeat the very purpose the settlement conference is designed to achieve avoiding the time and expense of trial. *Vesely* v. *Sager* (1971) 5 Cal.3d 153 [95 Cal.Rptr. 623, 486 P.2d 151] and *Pianka* v. *State of California* (1956) 46 Cal.2d 208 [293 P.2d 458] clearly disallow "speaking" motions in favor of motions for summary judgment to resolve controversies where it is contended that the complaint fails to state a cause of action, or that there is no defense thereto. The summary judgment procedure contained in Code of Civil Procedure section 437c also provides authority to enforce, inter alia, those settlement agreements which are concluded during the course of judicially supervised settlement conferences. However, we do not interpret *Vesely* and *Pianka* or section 437c as limiting the inherent or statutory power of a court to enforce its orders or the results of the proceedings held before it. (See 1 Witkin, Cal. Procedure (2d ed. 1970) Courts, § 116 et seq.; Code Civ. Proc., § 128.) When parties to litigation appear before the court and advise it that the controversy has been settled and the terms thereof, courts must have the ability to enforce those agreements. This is necessary not only to control the proceedings before the court, but also to protect the interests of parties who may have materially altered their positions in reliance on the settlement.

■ In the instant case the entire matter was conducted on the record. The terms of the settlement were explicitly defined before the trial judge in the presence of the parties as well as their attorneys. Both parties personally advised the court of their concurrence in the settlement. The agreement provided that the title company would determine the credits based upon normal closing costs in a sale of the property. The settlement terms were clear and the title company performed. Appellant's attack on the assessment bond argues the case as though it involved a contract involving the sale of property, which it does not. The judgment is for a principal sum of money which appellant does not dispute. The manner of payment provides for a transfer of property in partial payment of the judgment, and promissory notes for the balance. Assessment bonds and taxes which remain unpaid and due obviously reduce the value of the property and affect the amount of credit against the principal sum the judgment creditor should receive.

Appellant argues that taxes should have been prorated as of the date of the settlement conference rather than later, comparing the settlement conference to a date analogous to a close of escrow. However, at a close of escrow a purchaser normally receives the property conveyed. In this case the property was not transferred on that date and respondent had to resort to legal action to compel enforcement some six months later, even though the parties agreed that the title company would determine the appropriate credits.

Appellant's attack on the accounting is not reviewable since the accountant's conclusion favored appellant, finding that he owed no money to the partnership. (6 Witkin, Cal. Procedure (2d ed. 1971) Appeal, § 212.)

Finally, we note that in all of appellant's arguments he refers to matters which are not contained in the record. ■ We reiterate again the fundamental principle that matters outside the record will not be considered on appeal. (*People* v. *Merriam* (1967) 66 Cal.2d 390 [58 Cal.Rptr. 1, 426 P.2d 161].)

The judgment is affirmed.

Low, P. J., and King, J., concurred.