[No. A015176. First Dist., Div. Five. June 5, 1984.]

ALVIN CORKLAND, Plaintiff and Respondent, v.
JERROLD A. BOSCOE et al., Defendants and Appellants.

## COUNSEL

Randall E. Kay, John A. Noda and New & Kay for Defendants and Appellants.

Roger L. Meredith, Jack K. Berman and David L. Cunningham for Plaintiff and Respondent.

## OPINION

**KING, J.**—In this case we hold that if parties to pending litigation stipulate orally before the court or in writing to a settlement of all or a part of the case, the trial court upon the motion of a party may enter judgment pursuant to the terms of the settlement. The Legislature has now provided that a motion to enter judgment pursuant to such a settlement need not be a motion for summary judgment.

Jerrold A. Boscoe and Ducorp, Inc., appeal from an order in two consolidated cases granting a motion by Alvin Corkland to compel enforcement of a settlement agreement. We affirm the order.

In 1980, Boscoe and Corkland each filed complaints arising from a dispute over transactions and ventures concerning certain real properties. The parties filed a written settlement agreement on September 8, 1980, which provided for the execution and exchange of various documents including promissory notes and deeds of trust.

On March 10, 1981, Corkland filed a motion to compel enforcement of the settlement agreement. In a supporting declaration he stated that he had performed all of his obligations (except for making a $12,500 payment that was not due until Boscoe and Ducorp, Inc., had fully performed their obligations), and that four acts remained to be performed by Boscoe and Ducorp: (1) execution and delivery of a $150,000 note and deed of trust, (2) execution and delivery of a $310,000 promissory note, (3) execution and delivery of an accompanying $310,000 trust deed modification, and (4) di-

vision and delivery of certain furniture. The motion and supporting declaration did not mention the fact, as set forth in both parties' briefs on appeal and referred to in the trial court's subsequent order, that Boscoe and Ducorp had already tendered the disputed documents but had subsequently withdrawn them.

In their opposition memorandum, Boscoe and Ducorp stated that on March 13, 1981, they had tendered performance of the first three acts remaining to be performed (execution and delivery of the various documents), and that the parties had agreed that performance of the fourth act (division and delivery of furniture) would be arranged between the parties. Their memorandum also made no mention of the prior delivery and withdrawal of documents, and the documents delivered on March 13 apparently differed in form from the withdrawn documents. Boscoe and Ducorp filed no opposing declarations or affidavits, and the record contains no transcript of the hearing on the motion.

At the hearing on the motion to compel, counsel for Corkland evidently argued that Corkland was entitled to execution and delivery of documents in the same form as the withdrawn documents. On the day after the hearing, counsel for Boscoe and Ducorp wrote a letter to the court, asserting that the documents whose execution and delivery were sought by counsel for Corkland at the hearing (evidently the withdrawn documents) were "inconsistent" with the terms of the settlement agreement. The letter did not identify any of the alleged inconsistencies. In an answering letter, counsel for Corkland argued in favor of the consistency of the withdrawn documents.

The court granted the motion to compel. In its order it stated, "it is clear that the settlement agreement includes not only that document denominated 'Settlement Agreement,' but the two promissory notes and deeds of trust *executed pursuant thereto and later withdrawn by Boscoe*. It is indisputed that there was a meeting of the minds of all the parties as to all material portions of the notes and deeds, and there is no substantial reason to further delay the consummation of the agreement." (Italics added.)

■ Boscoe and Ducorp challenge the use of the nonstatutory "speaking" motion to enforce the settlement agreement. They rely on *Hastings* v. *Matlock* (1980) 107 Cal.App.3d 876 [166 Cal.Rptr. 229], which disapproved the use of such a motion to compel enforcement of an unpleaded, out-of-court oral settlement. Corkland relies on *Gregory* v. *Hamilton* (1978) 77 Cal.App.3d 213 [142 Cal.Rptr. 563], which approved the use of a nonstatutory "speaking" motion to enforce a judicially supervised settlement agreement. In granting the motion the court below specifically determined that *Hastings* was distinguishable and that *Gregory* applied.

Numerous decisions have criticized *Gregory,* holding that a motion to enforce a settlement agreement must be treated as a motion for summary judgment (which is to be denied if there is a disputed issue of material fact).[1] (*Duran* v. *Duran* (1983) 150 Cal.App.3d 176, 179 [197 Cal.Rptr. 497] [court specifically overruled its prior decision in *Ford* v. *State of California* (1981) 116 Cal.App.3d 507 [172 Cal.Rptr. 162], which approved the use of the nonstatutory "speaking" motion sanctioned by *Gregory*]; *DeGroat* v. *Ingles* (1983) 143 Cal.App.3d 399, 401 [191 Cal.Rptr. 761]; *Mancina* v. *Hoar* (1982) 129 Cal.App.3d 796, 801 [181 Cal.Rptr. 347]; *Nabi* v. *Laudermill* (1982) 130 Cal.App.3d 282, 284 [182 Cal.Rptr. 368]; *Hastings* v. *Matlock, supra,* 107 Cal.App.3d at p. 880.) According to these decisions, the only appropriate procedures for enforcement of settlement agreements are to move for summary judgment, to file a separate suit in equity to enforce the agreement, or (if the defendant is attempting to enforce settlement) to amend the pleadings and assert the settlement as an affirmative defense.

This court recently reviewed *Gregory* and its progeny in *Gopal* v. *Yoshikawa* (1983) 147 Cal.App.3d 128 [195 Cal.Rptr. 36]. We observed that "*DeGroat, Nabi, Mancina,* and *Hastings,* all had complications which were not present in *Gregory,* nor in the instant case. They all involved either out-of-court negotiations, enforcement by a judge other than the one who presided over the settlement conference, or conditional settlements in which it was alleged that a condition subsequent failed to materialize. The themes common to these criticisms of the enforcement procedures concern the extent of judicial supervision and disputes over whether an agreement was reached or, if so, its terms." (At p. 132.) Similarly, *Duran* v. *Duran, supra,* 150 Cal.App.3d at page 178, which was decided after *Gopal,* also involved an alleged out-of-court settlement.

This court concluded in *Gopal,* "Insofar as the *Gregory* critics conclude that settlement agreements should not be enforced if issues of material fact exist concerning either the existence of the agreement, or its terms, we agree. However, *when the fact of settlement and the terms thereof are not subject to reasonable dispute,* to require a party to bring a separate suit in equity to enforce the agreement, or raise it by way of affirmative defense during a trial, would defeat the very purpose the settlement conference is designed to achieve—[avoiding] the time and expense of trial." (*Gopal* v. *Yoshikawa, supra,* 147 Cal.App.3d at p. 132; italics added.)

---

[1] Pursuant to this approach the motion would have to comply with the procedural requirements of Code of Civil Procedure section 437c.

The present case involves a written out-of-court settlement agreement, thus the fact of settlement is undisputed, but the terms of the settlement are in dispute. Because the terms of settlement were subject to reasonable dispute, the nonstatutory "speaking" motion approved by *Gregory* was an inappropriate procedure for the trial court to follow under case law in effect when the motion to compel enforcement of the settlement agreement was granted. (*Gopal* v. *Yoshikawa, supra,* 147 Cal.App.3d at p. 132.)

Since the trial court granted the motion to compel enforcement of the settlement agreement, the Legislature enacted Code of Civil Procedure section 664.6[2] which, effective January 1, 1982, provides: "If parties to pending litigation stipulate, in writing or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement." By this enactment, the Legislature has not only endorsed the procedure approved by *Gregory* and *Gopal,* it has expanded it. ■ Thus, what formerly was a nonstatutory "speaking" motion is now authorized by statute and is applicable not only to judicially supervised settlement conferences, but to stipulations of settlement in writing or orally before the court in pending litigation.

Even where there are contentions of disputed facts, if the motion is one for entry of judgment pursuant to such a settlement, the Legislature has now approved the filing of the motion under section 664.6. (See The Rutter Group, Weil and Brown, Cal. Practice Guide, Civil Procedure Before Trial, §§ 12:200-12:202.2.) A motion for summary judgment pursuant to section 437c is no longer required. Each of the cases cited in this opinion considered motions which were made prior to the enactment of section 664.6 which is now the law in California.

In acting upon a section 664.6 motion, the trial court must determine whether the parties entered into a valid and binding settlement of all or part of the case. In making this determination, trial judges, in the sound exercise of their discretion, may receive oral testimony or may determine the motion upon declarations alone. (See *Reifler* v. *Superior Court* (1974) 39 Cal.App.3d 479 [114 Cal.Rptr. 356].)

■ Here, the trial court determined factual issues when, even under *Gregory* and *Gopal,* such a determination could only be made upon a motion for summary judgment. However, in the interest of judicial economy, we do not reverse the order, since the procedure utilized by the trial court is now authorized by section 664.6 and an identical order would result upon a reversal.

---

[2]All statutory references are to the Code of Civil Procedure.

Section 664.6 authorizes the court to enter a judgment pursuant to the terms of the settlement; however, the trial court only signed a minute order granting the motion to compel enforcement of the settlement agreement.

The order is affirmed. The cause is remanded to the trial court with directions to enter a judgment pursuant to the terms of the settlement.[3]

Low, P. J., and Haning, J., concurred.

---

[3]Boscoe and Ducorp have also contended the order must be reversed because it is vague as to the documents to be executed and their terms and conditions. We believe that the court's reference to the documents described in Corkland's declaration provided sufficient specificity; however, if Boscoe and Ducorp require further guidance, they may seek it from the trial court upon remand.