[No. A028724. First Dist., Div. Five. Dec. 27, 1985.]

MARCEL FIORE et al., Plaintiffs and Respondents, v.
FRED ALVORD et al., Defendants and Appellants.

**[Opinion certified for partial publication.*]**

*Part IV is not ordered published, as it does not meet the standards for publication contained in California Rules of Court, rule 976(b).

**COUNSEL**

Susan R. Reischl and Robert L. Mezzetti for Defendants and Appellants.

Austin B. Comstock and Comstock, Yonts, Black, Niles, Kinda, Premo & Schenk for Plaintiffs and Respondents.

**OPINION**

**KING, J.**—In this case we hold that when an appeal is taken from a judgment granting a motion under Code of Civil Procedure section 664.6[1] to enforce a settlement, the standard of appellate review is whether the trial court's determination is supported by substantial evidence.

Fred Alvord et al. (Alvord) appeal from a judgment compelling enforcement of a settlement agreement with Marcel Fiore et al. (Fiore). We affirm.

---

[1]Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

The parties were limited partners in a joint venture created to acquire and develop real estate. Alvord sought to withdraw pursuant to a provision of the joint venture agreement giving remaining partners a right to buy out withdrawing partners' interest. Alvord and Fiore entered into an agreement to sell Alvord's interest in the joint venture to Fiore, but the amount of the sale price became disputed. Fiore sued to compel specific performance of the sale agreement.

Before trial, the parties agreed to settle the matter. They concurred on all terms of sale except the value of the joint venture interest. The basic valuation process, as set forth in the stipulation, required each party to choose an appraiser, and together the two appraisers would choose an impartial third appraiser to value the joint venture's sole asset.

As for the precise value of Alvord's interest, the parties stipulated that the court would decide the issue of whether the sale price should be calculated based on Alvord's full percentage of interest in the joint venture. Although Fiore argued that because Alvord held a minority interest in the venture, the fair market value of that interest would be less than the interest actually held by Alvord, the court ruled the percentage actually held by Alvord (15.63545 percent) would determine the sale price.

Alvord's counsel reduced the stipulation to writing, and Fiore's counsel and the trial court signed it. It stated "The defendants' [Alvord's] interest in the joint venture shall be the fair market value of the joint venture property, less encumbrances and other liabilities of the joint venture, as of July 31, 1981, multiplied by the defendants' percentage of interest in the joint venture." The stipulation also provided "the court shall reserve jurisdiction over all issues relating to the proposed purchase and may hear disputed matters by means of special setting."

Alvord's counsel fell ill before the settlement agreement could be carried out, and subsequently died. Alvord's replacement counsel claimed the appraiser's letter did not resolve the parties' dispute as to certain unverified offsets and credits, and thus he refused to complete the settlement transaction.

In May 1984, Fiore moved to have judgment entered based upon the settlement agreement. Fiore's counsel argued he had supplied documentary verification of the joint venture's liabilities as of July 31, 1981, to Alvord's original counsel and therefore all the preliminary transactions under the stipulation had been completed. The court granted Fiore's motion and entered judgment based on the settlement agreement.

## I.

■ Alvord contends a motion to compel enforcement of an out-of-court settlement must be made by motion for summary judgment rather than by a nonstatutory "speaking" motion. He relies on *Hastings* v. *Matlock* (1980) 107 Cal.App.3d 876 [166 Cal.Rptr. 229].

*Hastings* and the line of cases which follow it have been superseded by section 664.6.[2] (*Corkland* v. *Boscoe* (1984) 156 Cal.App.3d 989 [203 Cal.Rptr. 356].) The nonstatutory "speaking" motion disapproved of in *Hastings* is "now authorized by statute [section 664.6] and is applicable not only to judicially supervised settlement conferences, but to stipulations of settlement in writing or orally before the court." (*Corkland, supra,* 156 Cal.App.3d at p. 994.)

The stipulation, drafted by Alvord's own counsel, provided for a precise method of calculation to determine the net value of the asset. Alvord attacks that method and thus the terms of the stipulation, when he claims lack of verification for offsets and credits. Section 664.6 now authorizes the court to entertain challenges to the actual terms of the stipulation, that is, whether there actually was a settlement, upon a motion. As *Corkland* held, a motion for summary judgment is no longer required.

## II.

■ Alvord argues that the motion under section 664.6 must be denied if any material issues of fact are disputed. This argument is fully rebutted by the plain wording of the statute. When ruling on a section 664.6 motion, the court in effect acts as a trier of fact. "[T]he trial court must determine whether the parties entered into a valid and binding settlement of all or part of the case. In making this determination, *trial judges, in the sound exercise of their discretion, may receive oral testimony or may determine the motion upon declarations alone.*" (*Corkland, supra,* 156 Cal.App.3d at p. 994, italics added.)

The proper standard of review, therefore, is whether the trial court's ruling was supported by substantial evidence. (See, e.g., *Casa de Valley View Owner's Assn.* v. *Stevenson* (1985) 167 Cal.App.3d 1182, 1190 [213 Cal.Rptr. 790].) Fiore's counsel stated in his declaration that he had given documentary verification of encumbrances to Alvord's original counsel.

---

[2]Section 664.6 states: "If parties to pending litigation stipulate, in writing or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement."

Thus the court did not abuse its discretion when it determined the method set forth in the stipulation had been followed.

### III.

■ Alvord contends the court violated the parties' stipulation, and therefore exceeded its jurisdiction, when it rendered judgment based solely on the declarations of counsel and oral argument, without further insuring that all conditions to settlement had been fulfilled.

*Corkland,* however, expressly authorized the trial court to determine the motions based solely on declarations if it so chooses. Section 664.6's express authorization for trial courts to determine whether a settlement has occurred is an implicit authorization for the trial court to interpret the terms and conditions to settlement. In the present case, the court determined the stipulation for settlement was not conditional and that any dispute about the terms could be determined by the court.

### IV.*

. . . . . . . . . . . . . . . . . . . . . . . .

Low, P. J., and Haning, J., concurred.

*See footnote, *ante,* page 561.