117 F.3d 1425
 In re: Ronald O. KINDSCHI, Debtor,
Max H. RUSH, Trustee, Appellant,
v.
Richard FRIEDLAND; HERITAGE GROUP ASSOCIATION, INC.;
FRIEDLAND-HERITAGE, Appellees.
 No. 96-55972.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 17, 1997.**
June 24, 1997.
 
 MEMORANDUM*
 Appeal from the United States District Court for the Central District of California; Nos. CV-96-00310-LEW, AV-93-04642-KM; Laughlin E. Waters, District Judge, Presiding.
 Before: GOODWIN, SCHROEDER, and TASHIMA, Circuit Judges.
 
 
 1
 Max H. Rush, Chapter 7 trustee for the bankruptcy estate of Ronald O. Kindschi, appeals the district court's reversal of the bankruptcy court's grant of Rush's motion for enforcement of the settlement of his adversary action. Rush contends that the district court erred in concluding that Rush and appellees failed to reach a binding settlement of the adversary action. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.
 
 
 2
 We review "the district court's decision on an appeal from a bankruptcy court de novo." In re Claremont Acquisition Corp., Inc., No. 95-56527, slip op. 5553, 5559 (9th Cir. May 12, 1997). "We review the bankruptcy court's interpretation of applicable law de novo, and the findings of fact for clear error." Id.
 
 
 3
 Rush contends that the parties had come to an agreement despite the additional language in appellee's August 10, 1995 letter. This contention lacks merit.
 
 
 4
 We rely on basic principles of state contract law in the enforcement of settlement agreements. See Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir.1989). Under California law, acceptance of a settlement offer must be absolute and unqualified. See In re Pago Pago Aircrash of Jan. 30, 1974, 637 F.2d 704, 705 (9th Cir.1981) (per curiam); see also Landberg v. Landberg, 101 Cal.Rptr. 335, 340 (Cal.Ct.App.1972). "If the acceptance contains conditions not embraced in the offer or adds new terms, there is no meeting of the minds and no acceptance." In re Pago Pago Aircrash of Jan. 30, 1974, 637 F.2d at 706; Landberg, 101 Cal.Rptr. at 342. Enforcement is inappropriate where material facts concerning the existence or terms of a settlement agreement are in dispute. See Corkland v. Boscoe, 203 Cal.Rptr. 356, 358 (Cal.Ct.App.1984).
 
 
 5
 The bankruptcy court erred by viewing the agreement as complete and enforceable under California law. See In re Claremont Acquisition Corp., Inc., No. 95-56527, slip op. at 5559. In a August 10, 1995 letter in response to an original settlement offer of August 9, 1995, appellees added new terms and conditions regarding the mutual release of claims. The August 15, 1995 letter from Rush's counsel, while purporting to reiterate the settlement terms already discussed between the parties, failed to accept appellees' additional terms. Therefore, there was no meeting of the minds, and the August 15, 1995 letter should have been interpreted as being a counteroffer, rejecting the August 10, 1995 letter. See In re Pago Pago Aircrash of Jan. 30, 1974, 637 F.2d at 706; Landberg, 101 Cal.Rptr. at 340. Moreover, there was evidence in the record to suggest a dispute between the parties regarding the release of claims terms of the settlement agreement. See Corkland, 203 Cal.Rptr. at 358. That is, Rush's counsel edited the proposed settlement. agreement with the following comments: "No this was not agreed to--This needs to be restated in narrow, limited language." See id.
 
 
 6
 Rush also argues that because an oral agreement had already been reached, it is of no consequence that the parties sought a written agreement. We disagree.
 
 
 7
 An agreement to make an agreement, without more, is not a binding contract. See Rennick v. O.P.T.I.O.N. Care, Inc., 77 F.3d 309, 315 (9th Cir.), cert. denied, 117 S.Ct. 174 (1996); see also Autry v. Republic Prods., 180 P.2d 888, 893 (Cal.1947). "Whether a writing constitutes a final agreement or merely an agreement to make an agreement depends primarily upon the intention of the parties." Lund v. Albrecht, 936 F.2d 459, 463 (9th Cir.1991); Beck v. American Health Group, Inc., 260 Cal.Rptr. 237, 241 (Cal.Ct.App.1989). If there "is a manifest intention that the formal agreement is not to be complete until reduced to a formal writing to be executed, there is no binding contract until this is done." Rennick, 77 F.3d at 315 (quoting Smissaert v. Chiodo, 330 P.2d 98, 100 (Cal.Dist.Ct.App.1958)).
 
 
 8
 In the August 10, 1995 letter, appellees stated their intention that the new release terms had to be confirmed in writing and that the settlement would be "subject to further documentation to be agreed upon by the parties." Further, Rush's response of August 15, 1995 reflected the fact that each side needed to prepare a formal writing and that appellees were requested to "firm up arrangements for finalizing the settlement." Therefore, there was indication by both parties that they only agreed to make an agreement. See Rennick, 77 F.3d at 314, 315; Lund, 936 F.2d at 463.
 
 
 9
 Accordingly, the bankruptcy court erred in finding that the parties had reached a binding settlement. See In re Claremont Acquisition Corp., Inc., No. 95-56527, slip op. at 5559. We affirm the district court's decision.
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3