Filed 3/3/16  Sprengel v. Mohr CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JEAN E. SPRENGEL, M.D., | |
| Plaintiff and Appellant, | E063539 |
| v. | (Super.Ct.No. CIVDS1110934) |
| LANETTE S. MOHR, | OPINION |
| Defendant and Respondent. | |

APPEAL from the Superior Court of San Bernardino County.  Donald R. Alvarez, Judge.  Affirmed.

Reid & Hellyer and Michael G. Kerbs for Plaintiff and Appellant.

Rosenberg Mendlin & Rosen, Joyce S. Mendlin, Roger M. Rosen and Janelle Menges for Defendant and Respondent.

1

I

INTRODUCTION

Plaintiff and appellant Jean E. Sprengel, M.D. (Sprengel), and her cousin, defendant and respondent Lanette S. Mohr (Mohr) formerly were partners in a publishing venture, Purposeful Press, LLC (Purposeful Press), a California limited liability company. The company marketed an informational booklet, authored by Sprengel, for patients undergoing chemotherapy treatment. Sprengel appeals from the trial court's ruling on her motion to enforce a stipulated settlement and judgment. (Code Civ. Proc., §§ 664.6 and 904.1, subd. (a)(2).)[1]

The three issues on appeal involve the parties' disputes about: 1) who is responsible for paying for preparation of an amended 2013 income tax return; 2) a payment of $2,152.32, which Sprengel claims is owed her, and 3) any remaining book inventory. Sprengel argues the trial court committed legal error because it misinterpreted the settlement agreement. Sprengel also contends the trial court's ruling that Mohr did not breach two of the provisions in the settlement agreement was not supported by substantial evidence. Lastly, Sprengel maintains the trial court erred in awarding attorney's fees to Mohr.

Although Sprengel argues that two standards of review—independent review and substantial evidence review—apply in this appeal, we agree with Mohr that the standard

_____

[1] All further statutory references are to the Code of Civil Procedure unless stated otherwise.

2

of review is substantial evidence.  Nevertheless, even conducting an independent review, we agree with the trial court's findings and rulings.  We affirm the trial court's order and its award of attorney's fees to Mohr.

II

FACTUAL AND PROCEDURAL BACKGOUND

A.  *The Underlying Dispute*

Sprengel is a physician.  After Sprengel's sister was diagnosed with breast cancer, Sprengel wrote a pamphlet explaining what a patient should expect when undergoing chemotherapy.  In August 2008, Sprengel and Mohr made equal capital contributions of $5,000 to form Purposeful Press to publish and market a version of Sprengel's pamphlet as a book entitled "Chemo-Companion."  The book was published by Emerald City Graphics and sold to the Merck pharmaceutical company for distribution to patients.

In September 2011, Sprengel filed the underlying complaint for involuntary dissolution, breach of fiduciary duty, and related causes of action.  Sprengel also filed a federal copyright action in which Mohr ultimately prevailed.

B.  *The Proceedings under Corporations Code section 17351[2]*

Mohr filed a motion under Corporations Code section 17351 to allow her to purchase Sprengel's interest in Purposeful Press.  In August 2013, the court issued a

---

[2]  Effective January 1, 2016, Corporations Code section 17351 has been replaced by Corporations Code section 17707.03.

ruling finding the total value of the business to be $586,630 and ordering Mohr to pay Sprengel $298,715.

Sprengel filed an appeal from the valuation order. During an appellate mediation conducted on March 12, 2014, Sprengel and Mohr executed a settlement agreement, including both typed provisions and handwritten interlineations and providing for dissolution of the company.

The parties agreed Mohr would receive $40,000, which was on deposit with the court, and Sprengel would receive $136,000 from the Purposeful Press bank account and other funds held in a trust account. Section 6.6 of the settlement agreement provides: "Sums above the $206,000 will be divided equally between the parties." Section 6.7 provides: "All Chemo-Companion books will [go or be delivered] to Jean Sprengel at her expense. Mohr will so instruct Emerald City Graphics." Section 6.3 of the agreement provides: "Mohr will be responsible for having the Purposeful Press, LLC 2014 tax return prepared including payment for preparation and the amendment of prior year's returns to accurately reflect actual distributions and to remove the indemnity claim. The amended returns shall be submitted to Jean Sprengel for review and approval before filing." The final settlement also omitted a typed provision, section 6.8, making Mohr responsible for payment of preparing the amended tax returns: "If the tax returns for prior years have to be amended, Mohr will be responsible for their preparation, including payment for preparation."

4

*C. Postsettlement Proceedings*

In March and April 2014, Sprengel and Mohr's lawyers had a number of written exchanges about the dissolution of Purposeful Press, including completing its income tax returns, making payments to Sprengel, and returning the book inventory to Sprengel. On April 22, 2014, Sprengel's lawyer sent a final letter, setting an April deadline for Mohr to pay Sprengel one-half of the amount from the Purposeful Press bank account, return 2,086 books to Sprengel, prepare the tax returns, and execute the documents for dissolution.

On May 8, 2014, Sprengel filed a motion for enforcement of the settlement agreement, requesting that Mohr be ordered to sign the dissolution documents for Purposeful Press, to pay Sprengel half of the amount remaining in the Purposeful Press bank account, to return all book inventory to Sprengel, and to file amended tax returns. Because judgment had not yet been entered pursuant to the settlement, the trial court asked the parties to submit proposed judgments to confirm the settlement agreement. Both parties filed proposed judgments. On October 9, 2014, the trial court entered its judgment pursuant to the written settlement agreement.

In September and October 2014, the parties' lawyers again exchanged correspondence arguing about the book inventory, the 2013 tax return, and whether Sprengel was owed $2,152.32. On November 12, 2014, Sprengel filed a second motion to enforce the settlement.

5

On the issue of the tax returns, Sprengel contended the language should be interpreted to make Mohr responsible for both tax returns. The trial court determined that Mohr had breached the settlement agreement by failing to have an amended 2103 tax return prepared. However, the court found that the cost for preparing and filing the amended 2013 tax return was not Mohr's sole responsibility. The court interpreted section 6.3 to mean Mohr was responsible for paying for preparation of the 2014 tax return but not the amended 2013 tax return. The court found that Sprengel's calculation of the number of missing books was based on speculation and Mohr had not breached the settlement agreement on this point. The court also found there was no money remaining for distribution to Sprengel.

Lastly, on the issue of attorneys fees, the trial court found that, overall, Mohr had prevailed on more issues than Sprengel and the trial court awarded Mohr attorney's fees of $2,425. The trial court denied Sprengel's motion for consideration.

III

GENERAL PRINCIPLES AND STANDARD OF REVIEW ON APPEAL

A central issue on appeal is whether to apply an independent or substantial evidence standard of review. The standard of review is substantial evidence except for legal error. The section 664.6 procedure empowers the judge hearing the motion to enforce a stipulated judgment to determine if disputed factual issues have arisen regarding the settlement agreement. It even permits the court "to entertain challenges to the actual terms of the stipulation, that is, whether there actually was a settlement" and to

6

interpret the terms and conditions to settlement. (*Fiore v. Alvord* (1985) 182 Cal.App.3d 561, 565; *Richardson v. Richardson* (1986) 180 Cal.App.3d 91, 97; *Corkland v. Boscoe* (1984) 156 Cal.App.3d 989, 992.) "The trial court's factual findings on a motion to enforce a settlement pursuant to section 664.6 'are subject to limited appellate review and will not be disturbed if supported by substantial evidence.' (*Williams v. Saunders* (1997) 55 Cal.App.4th 1158.) [¶] 'Although a judge hearing a section 664.6 motion may receive evidence, determine disputed facts, and enter the terms of a settlement agreement as a judgment [citations], nothing in section 664.6 authorizes a judge to create the material terms of a settlement, as opposed to deciding what terms *the parties themselves* have previously agreed upon.' (*Weddington Productions, Inc. v. Flick* [(1998)] 60 Cal.App.4th [793,] 810, original italics.) . . . Consistent with the venerable substantial evidence standard of review, and with our policy favoring settlements, we resolve all evidentiary conflicts and draw all reasonable inferences to support the trial court's finding that these parties entered into an enforceable settlement agreement and its order enforcing that agreement." (*Osumi v. Sutton* (2007) 151 Cal.App.4th 1355, 1360.)

Sprengel contends the trial court's finding was not supported by substantial evidence that Mohr did not breach the settlement. However, Sprengel argues the court misinterpreted the settlement agreement and committed legal error, subject to independent review, in its rulings concerning the 2013 tax return and the book inventory.

In our view, this is not a case of legal error for which independent review applies. Sprengel incorrectly cites *Hines v. Lukes* (2008) 167 Cal.App.4th 1174, 1185, in which

7

the appellate court determined the trial court erred by omitting material terms of the settlement. *Hines* applied a substantial evidence standard of review, not an independent standard of review. (*Id.* at p. 1182.) Furthermore, the trial court here made factual determinations about the meaning of the settlement without omitting (or adding) any terms as did the trial court in *Hines*. Where the trial court focuses primarily on whether the parties had a meeting of the minds regarding the terms of the settlement, it is a factual question subject to limited review and will not be disturbed if supported by substantial evidence. (*J.B.B. Investment Partners, Ltd. v. Fair* (2014) 232 Cal.App.4th 974, 984, citing *Williams v. Saunders, supra,* 55 Cal.App.4th at p. 1162.) Nevertheless, even if we apply an independent standard of review, we agree with the trial court as we discuss below.

IV

TAX PREPARATION EXPENSE

As already mentioned, the parties changed the original typed settlement agreement to eliminate a provision that specifically made Mohr responsible for preparation of the amended return. Nevertheless, Sprengel asserts that, based on section 6.3 of the settlement agreement, Mohr was responsible for paying for the tax preparation expenses for both 2013 and 2014.

In its ruling on the settlement agreement, the trial court commented on the legibility of the settlement agreement: "The Court did its best on what the handwritten portions state." The trial court then quoted exactly the language of the settlement

8

agreement but inserted the bracketed commas: "Mohr will be responsible for having Purposeful Press 2014 tax returns prepared[,] including payment for preparation[,] and amendment of prior year [returns] to accurately reflect actual distributions . . . ." Sprengel argues the trial court changed the meaning of the agreement by inserting the commas. We disagree.

In a supporting declaration, Sprengel stated: "At the mediation, there was a discussion regarding the preparation of both amended tax returns and ongoing tax returns. At that time, I offered to use my own accountant to prepare all tax returns and pay that expense personally. However, Mohr chose instead to use an accountant of her choosing for the tax returns and agreed to personally pay for the preparation of the tax returns." Mohr argues both parties were responsible for payment of the 2013 expenses.

Because we must resolve all evidentiary conflicts and draw all reasonable inferences to support the trial court's finding, we may conclude the trial court rejected Sprengel's declaration as proof of the meaning of the settlement term. Even without the inserted commas, based on the substantial evidence standard of review, it was entirely reasonable for the trial court to decide that "including payment for preparation" referred to the 2014 tax return and not to the amended returns. (*Osumi v. Sutton, supra,* 151 Cal.App.4th at p. 1360.)

We reach the same conclusion based on our independent review. The trial court made a factual determination that the subject sentence is composed of two components: "Mohr will be responsible for having Purposeful Press 2014 tax returns prepared

9

including payment for preparation," followed by "and amendment of prior year [returns]." The trial court's interpretation was bolstered by the parties' omission of the term expressly making Mohr responsible for payment for preparation of the amended return. Since that term was omitted, the parties apparently meant to have joint responsibility for the cost of the 2013 return although Mohr would pay for the cost of the 2014 return. Therefore, based also on our independent review, we uphold the trial court's determination that both parties were responsible for the preparation costs of the 2013 tax return.

Furthermore, Sprengel argues the court's ruling about tax preparation costs affected its calculation that no money was owed to Sprengel. Specifically, the trial court determined that Sprengel was entitled to 50 percent of at least $1,647.08, even after additional expenses were paid out of Purposeful Press's bank account. The trial court ruled that Mohr was not obligated to pay all the cost of the preparation of the 2013 tax return. As a result, the court found that the use of Purposeful Press funds to pay that expense was proper and there were no funds remaining to be paid to Sprengel. Because the court did not err in this respect, Sprengel cannot claim any amount is due to her or that Mohr breached the settlement agreement by not paying her.

V

BOOK INVENTORY

The trial court also decided against Sprengel on the issue of the return of the book inventory. Sprengel argues that Mohr had failed to return a substantial number of books,

10

as required by section 6.7 of the settlement agreement.  The inventory list attached to Sprengel's declaration contained information regarding the total number of books that were printed; the total number of books that were sent to Mohr; the number of books that had been sent to Sprengel; and the total number of 1,948 unaccounted books.  The same information is summarized in the body of the declaration, except the total number of missing books is listed as 2086.  In opposition, Mohr submitted her declaration attesting that she returned all books in her possession to Sprengel as required by the settlement agreement.

In the trial court's ruling on the motion, the court mentioned the actual accounting (Exhibit D) was not attached to the motion and:  "[Sprengel's] evidence is conjecture on her part with no support of where she comes up with the various figures for the books printed, and books sent to Mohr. . . .  Furthermore, it is unclear in the accounting provided by Sprengel if she is including any of the books Emerald City was instructed to return to her.  All Sprengel has is her belief that more books are out there that she is entitled to.  Yet her belief is not proof that Mohr violated §6.7 of the Settlement Agreement.  **Therefore, Sprengel fails in her burden of establishing Mohr in breach of failing to provide all Chemo-Companion books and/or establishing that she is entitled to an accounting/explanation under the Settlement Agreement provisions."**

Sprengel argues the trial court committed legal error because it did not consider Exhibit D, the accounting attached to her declaration.  The premise of Sprengel's contention is wholly unsupported by the appellate record.  The clerk's transcript showed

11

the exhibit was attached as part of Sprengel's motion and the same information was contained in the body of the motion. Furthermore, the same information and accounting were submitted to the court several times. Later, during the reconsideration motion, the court clarified that it had considered all the exhibits when it ruled on the motion to enforce the settlement. We conclude no legal error occurred to justify our independent review. However, we must resolve all evidentiary conflicts and draw all reasonable inferences in support of the trial court's finding on the issue of the return of the book inventory. We hold substantial evidence supported the trial court's finding about the book inventory.

## VI

## ATTORNEY'S FEES

The settlement agreement provided that the prevailing party on a motion brought under section 664.6 was entitled to an award of reasonable attorney's fees and costs. The trial court's determination on the issue of which party prevailed on a motion for attorney's fees is controlled by an abuse of discretion standard of review. (*Jackson v. Homeowners Assn. Monte Vista Estates-East* (2001) 93 Cal.App.4th 773, 789.)

As noted, the trial court determined that "Mohr obtained the greater relief" on some of the issues raised by Sprengel and as a result thereof, Mohr was the prevailing party on the motion. In *Hsu v. Abbara* (1995) 9 Cal.4th 863, 877, the court held that "*in determining litigation success*, courts should respect substance rather than form, and to this extent should be guided by 'equitable considerations.' For example, a party who is

denied direct relief on a claim may nonetheless be found to be a prevailing party if it is clear that the party has otherwise achieved its main litigation objective." The court determines the prevailing party only when the contract claims have been finally resolved and only by a comparison of the extent to which each party has succeeded and failed to succeed in its contentions. (*Id.* at p. 876.)

Here, Sprengel initiated the proceedings (1) to dissolve Purposeful Press, (2) to determine tax preparation costs, (3) to return books to Sprengel, and (4) to pay funds to Sprengel. Sprengel contends her motion was successful, particularly based upon the entry of judgment for purposes of enforcing the settlement agreement. Sprengel submits that the trial court abused its discretion in awarding attorney's fees to Mohr.

Mohr argues the trial court found she did not breach the settlement agreement for any of the three reasons asserted by Sprengel. We agree that Mohr obtained the greater relief and Sprengel cannot be said to have achieved her main litigation objective, entitling her to an award of attorney's fees. Therefore, it was not an abuse of discretion to award fees to Mohr.

## VII

## DISPOSITION

Based on substantial evidence supporting the trial court's factual rulings, and our independent review where appropriate, we hold the trial court did not err or abuse its discretion. We affirm the trial court's ruling in every respect.

In the interests of justice, we order the parties to bear their own costs on appeal.

13

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


HOLLENHORST
Acting P. J.


McKINSTER
J.