Filed 2/26/14  Marriage of Bram CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re Marriage of SARAH EVELYN and ADAM SCOTT BRAM. | B244629 |
| | (Los Angeles County Super. Ct. Nos. BD521248 & SC111468) |
| SARAH EVELYN BRAM,<br><br>        Respondent,<br><br>    v.<br><br>ADAM SCOTT BRAM,<br><br>        Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Michelle Court and Mark A. Juhas, Judges.  Affirmed.

Law Offices of Adam Scott Bram and Adam Scott Bram, in pro. per., for Appellant.

Sarah Evelyn Bram, in pro. per., and Rita Azizi for Respondent.

_____

Appellant Adam Scott Bram (Husband) appeals from a judgment in favor of his former wife Sarah Evelyn Bram (Wife) enforcing a settlement agreement pursuant to Code of Civil Procedure section 664.6. The parties entered into a global settlement of a dissolution proceeding and Husband's fraud action against Wife. On appeal, Husband contends: 1) child custody orders made prior to the settlement agreement violated his constitutional rights, because they were not supported by findings of fact; 2) the trial court failed to properly apply tracing presumptions in connection with a motion for summary judgment denied prior to settlement; 3) the oral settlement agreement was not an enforceable contract; 4) the custody arrangement stipulated to by the parties as part of the settlement was not intended to be a permanent order; 5) the trial court lacked jurisdiction to enforce the settlement as to the fraud action; 6) the trial court abused its discretion in setting the amount of child support; and 7) an award of sanctions in the form of attorney fees under Family Code section 271 should be reversed if this court finds Husband's contentions have merit.

We conclude the material terms of the settlement agreement were explicitly defined. Husband forfeited his contention that the parties intended the child custody orders to be temporary for failure to raise it in the trial court. The trial court's custody orders and summary judgment ruling prior to settlement are moot as a result of the settlement agreement. The trial court retained jurisdiction to enforce the global settlement agreement as to the issues presented by the fraud action. Husband has not demonstrated an abuse of discretion in the amount of child support. As a result of our conclusions, there is no basis to reverse the award of sanctions. Therefore, we affirm the judgment.

**FACTS AND PROCEDURAL HISTORY**

Husband married Wife on March 7, 2008. They had a daughter born six months later on September 10, 2008. The parties separated on February 10, 2010, and Wife filed a petition for dissolution of marriage on March 9, 2010.

2

On February 15, 2011, Husband filed an action against Wife for fraud and related claims (SC111468). The fraud action was deemed related to the dissolution proceeding, and the cases were consolidated. The trial court made a series of temporary custody and visitation orders. Husband filed a motion for summary judgment in October 2011, which the trial court denied in January 2012. Husband filed a motion to vacate the order denying summary judgment, which was denied.

After a voluntary settlement conference on April 6, 2012, the parties entered into a settlement on the record, which they expressly agreed would be enforceable under Code of Civil Procedure section 664.6. Both parties were represented by counsel. Judge Mark A. Juhas made the following orders based on the parties' agreement.

Wife was awarded sole legal custody of the child. The parties would communicate through a website about decisions and non-emergency issues. Husband has monitored visits on Tuesdays and Thursdays from noon to 6:00 p.m., and on alternate weekends from Saturday at 10:00 a.m. to Sunday at 4:00 p.m. Husband must provide the child's transportation for his visits, but he cannot operate a motor vehicle with the child in his custody. Husband also must pay the costs of the monitor. The parties agreed to participate in a parenting program paid for by Husband.

Wife agreed to withdraw all claims for child and spousal support arrearages through March 31, 2012, and would return checks that Husband provided. Husband was imputed self-employed income of $20,000 per month. The parties waived their rights to spousal support, and the trial court's jurisdiction over spousal support was terminated. Husband agreed to provide certain furniture and household items to Wife, as well as a BMW station wagon.

Husband agreed to advance funds to Wife to pay for random drug testing, up to twice a month, for nine months. Husband was only responsible for drug testing covered by the amount advanced to Wife. If Husband missed a drug test, or tested positive for any drug for which he did not provide proof of a current prescription, Husband's visitation rights would be immediately suspended pending review by the trial court upon an ex parte application. The results of the drug tests and any prescription information

gathered by the testing facility would be forwarded to Wife. The need for further testing, if any, would be reviewed after nine months.

The trial court ordered temporary child support of $1,750 per month, retroactive to April 1, 2012. The issue of child support was set for trial on April 26, 2012.

Husband agreed to dismiss, with prejudice, any and all civil claims against Kaplan & Simon, LLP, Mark Vincent Kaplan, James Simon (Kaplan & Simon collectively), or anyone working on their behalf with respect to representation of Wife. Husband specifically agreed to dismiss the fraud case.

Husband agreed to execute a Civil Code section 1542 waiver as to any claims that he might have against Kaplan & Simon or any employee of the firm in connection with their representation of Wife. The waiver would include claims against any family member of Wife as well. In return, Kaplan & Simon agreed to forgo collection of fees that were owed by Wife as of April 6, 2012. Husband also agreed to execute a Civil Code section 1542 waiver against the law firm of Brot & Gross, if the firm agreed to forgo collection of fees owed by Wife.

Husband and Wife agreed to execute Civil Code section 1542 waivers as to each other in connection with any claims known or unknown arising out of any of the facts relating to the marriage, the dissolution proceedings, the fraud case, and any other pre-marital separate property issues that could have been covered by the civil litigation.

Both parties stated on the record that they understood and agreed to be bound by the settlement agreement. The trial court approved the settlement and made it an order of the court. After a hearing on April 26, 2012, the court ordered child support of $2,794 per month based on the guideline amount, including Wife's projected child care expenses of $2,000 per month. The court found that Wife's child care expenses were not unreasonable for Los Angeles. Husband represented that he pays $4,400 per month for the monitor's full-time services and he sought to have a portion credited as reasonable child care expenses. However, he does not work during the time he has visitation with his daughter. The court found that Husband was not entitled to a child care credit for the amount paid to the monitor, because the reimbursement was only available if the party

4

was working or in school. The court noted it was clear from the hearing that the parties could work together to select a less expensive monitor.

On June 4, 2012, Husband filed a dismissal without prejudice of Wife as a defendant in the fraud action. On July 3, 2012, he filed amendments to the fraud complaint substituting Jack Zuckerman as Doe Defendant 1 and the firm White, Zuckerman, Warsavsky, Luna, Wolf & Hunt, LLP as Doe Defendant 2.

On July 9, 2012, Husband filed a request for a special conference based on disagreement over the terms of the settlement agreement. The trial court concluded the motion was related to the fraud action and took no action on the request. Husband also filed a motion to disqualify Wife's counsel to prevent them from acting on her behalf based on alleged conflicts of interest.

On July 26, 2012, Wife filed a motion for a judgment pursuant to Code of Civil Procedure section 664.6, as well as attorney fees of $10,000 as sanctions under Family Code section 271. Wife argued that Husband had already breached the agreement by filing a new civil action (SC117253) against Kaplan & Simon. Husband filed an ex parte motion to continue the hearing. On August 6, 2012, Husband filed a motion to disqualify Judge Juhas. On August 8, 2012, Husband filed an opposition to the motion for judgment under Code of Civil Procedure section 664.6. Judge Juhas sent the entire matter to another trial department.

After a hearing, Judge Michelle Court entered judgment on August 24, 2012, incorporating the terms of the settlement agreed by the parties on April 6, 2012. On September 4, 2012, Husband filed a motion for reconsideration, which was denied. On October 29, 2012, Husband filed a notice of appeal from the judgment.

5

## DISCUSSION

### Standard of Review

Code of Civil Procedure section 664.6 provides: "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."

"[I]n ruling upon a [Code of Civil Procedure] section 664.6 motion for entry of judgment enforcing a settlement agreement, and in determining whether the parties entered into a binding settlement of all or part of a case, a trial court should consider whether (1) the material terms of the settlement were explicitly defined, (2) the supervising judicial officer questioned the parties regarding their understanding of those terms, and (3) the parties expressly acknowledged their understanding of and agreement to be bound by those terms. In making the foregoing determination, the trial court may consider declarations of the parties and their counsel, any transcript of the stipulation orally presented and recorded by a certified reporter, and any additional oral testimony. [Citations.] The standard governing review of such determinations by a trial court is whether the court's ruling is supported by substantial evidence. [Citations.]" (*In re Marriage of Assemi* (1994) 7 Cal.4th 896, 911 (*Assemi*).) We determine whether the court's factual findings are supported by substantial evidence, "however, only after deciding whether the parties meet the statutory conditions of section 664.6. Construction and application of a statute involve questions of law, which require independent review. [Citation.]" (*Murphy v. Padilla* (1996) 42 Cal.App.4th 707, 711-712.)

6

## Enforcement of Settlement Agreement

Husband contends the material terms of the settlement agreement were not explicitly defined. Specifically, he contends the parties used inconsistent definitions to describe the breadth of waiver, release, defense or indemnity for released claims, and the discussion of releases was not sufficiently specific or complete to be enforceable. We disagree.

A trial court hearing a Code of Civil Procedure section 664.6 motion may receive evidence, determine disputed facts, and enter the terms of a settlement agreement as a judgment. (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 810 (*Weddington Productions*).) Section 664.6 expressly authorizes trial courts to determine whether a settlement has occurred and implicitly authorizes the trial court to interpret the terms and conditions to settlement. (*Skulnick v. Roberts Express, Inc.* (1992) 2 Cal.App.4th 884, 889.)

"A settlement agreement is a contract, and the legal principles which apply to contracts generally apply to settlement contracts." (*Weddington Productions, supra,* 60 Cal.App.4th at p. 810.) "We interpret the intent and scope of the agreement by focusing on the usual and ordinary meaning of the language used and the circumstances under which the agreement was made." (*Lloyd's Underwriters v. Craig & Rush, Inc.* (1994) 26 Cal.App.4th 1194, 1197-1198.) "A contract must receive such an interpretation as will make it lawful, operative, definite, reasonable, and capable of being carried into effect, if it can be done without violating the intention of the parties." (Civ. Code, § 1643.) "Moreover, where one construction would make a contract unusual and extraordinary and another construction, equally consistent with the language employed, would make it reasonable, fair, and just, the latter construction must prevail." (*Sayble v. Feinman* (1978) 76 Cal.App.3d 509, 513.) "The court must avoid an interpretation which will make a contract extraordinary, harsh, unjust, or inequitable." (*Strong v. Theis* (1986) 187 Cal.App.3d 913, 920.)

7

The trial court is not authorized to create the material terms of a settlement agreement. (*Weddington Productions, Inc. v. Flick, supra,* 60 Cal.App.4th at p. 810.) A contract will be enforced if it is sufficiently definite for the court to ascertain the parties' obligations and to determine whether those obligations have been performed or breached. (*Ersa Grae Corp. v. Fluor Corp.* (1991) 1 Cal.App.4th 613, 623 (*Ersa Grae*).) "There are occasions in which 'minor matters' in elaborate contracts are left for future agreement. When this occurs, it does not necessarily mean that the entire contract is unenforceable." (*Weddington Productions, supra,* 60 Cal.App.4th at p. 813.) "Stated otherwise, the contract will be enforced if it is possible to reach a fair and just result even if, in the process, the court is required to fill in some gaps." (*Ersa Grae, supra,* 1 Cal.App.4th at p. 623.)

It is settled that, "'"'nothing in [Code of Civil Procedure] section 664.6 authorizes a judge to *create* the material terms of a settlement, as opposed to deciding what terms *the parties themselves* have previously agreed upon." [Citation.]' [Citation.]" (*Steller v. Sears, Roebuck & Co.* (2010) 189 Cal.App.4th 175, 180.) However, it is equally well settled that the trial court may proceed under section 664.6 "even when issues relating to the binding nature or terms of the settlement are in dispute, because, [under section 664.6] the trial court is empowered to resolve these disputed issues and ultimately determine whether the parties reached a binding mutual accord as to the material terms." (*Assemi, supra,* 7 Cal.4th at p. 905.)

There was sufficient evidence to support the trial court's finding that Husband released his claims against Wife, Kaplan & Simon, and anyone working on their behalf. The parties referred specifically to a general release of claims under Civil Code section 1542. The fact that the parties disagreed or attempted to renegotiate certain terms after making the agreement did not prove the agreement was vague or incomplete.

Husband contends Wife breached the agreement by failing to abandon a claim for child support arrearages made to the Department of Children and Family Services, but he does not explain how this impacts the trial court's finding that the parties entered into an enforceable settlement agreement.

Husband also contends the trial court violated terms of the agreement that induced Husband to enter into the settlement by not allowing Husband to be heard within 72 hours, not allowing Husband to go on the record in ex parte applications, and not providing oversight of the custody review on December 3, 2012. However, there is no evidence that these were material terms of the parties' settlement. In fact, Husband requested the disqualification of Judge Juhas from the dissolution matter and is now estopped from claiming that Judge Juhas's participation was required under the parties' settlement agreement. In addition, matters which may have occurred after judgment was entered on August 24, 2012, are not properly before this court on appeal from the judgment.

**Orders Prior to Settlement**

Husband contends the trial court erred in making temporary custody orders and ruling on his motion for summary judgment. These contentions are moot, however, due to the parties' subsequent global settlement of their claims, including custody and property issues.

**Interpretation of Settlement Agreement**

Husband contends the custody orders in the parties' settlement agreement were intended to be temporary and not permanent. However, Husband did not raise this issue in the trial court in connection with the motion to enforce the settlement agreement. We conclude that an interpretation of the custody provisions of the judgment was not preserved in connection with this appeal.

It is true that "a stipulated custody order is a final judicial custody determination for purposes of the changed circumstance rule only if there is a clear, affirmative indication the parties intended such a result." (*Montenegro v. Diaz* (2001) 26 Cal.4th 249, 258.)

9

However, "a reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court. [Citation.] The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected. [Citation.]" (*In re S.B.* (2004) 32 Cal.4th 1287, 1293.) A party who fails to raise an issue in the trial court generally forfeits the right to challenge the ruling on that basis on appeal. (*Id.* at p. 1293, fn. 2.)

Husband did not raise the temporary nature of the child custody orders in the trial court in relation to enforcement of the settlement agreement, and therefore, the issue has been forfeited on appeal from the judgment enforcing the settlement. Had the issue been properly raised in the trial court, the parties could have submitted evidence to aid the trial court's determination of the issue. We note that the parties agreed to the custody orders incorporated in the judgment. The nature of the custody arrangement as temporary or permanent was not necessarily at issue in connection with a motion to enforce the settlement agreement.

## Jurisdiction Over Fraud Action

Husband contends that after he dismissed the fraud action, the trial court lost jurisdiction over it and could not enforce the settlement agreement. This is incorrect.

"[Code of Civil Procedure s]ection 664.6 provides a summary procedure by which a trial court may specifically enforce an agreement settling pending litigation without requiring the filing of a second lawsuit. [Citation.] That section provides in relevant part: 'If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement.'" (*Kirby v. Southern Cal. Edison Co.* (2000) 78 Cal.App.4th 840, 843 (*Kirby*).)

If parties enter into a settlement agreement prior to filing any litigation, the settlement agreement may not be enforced in a subsequently filed lawsuit by a motion

pursuant to Code of Civil Procedure section 664.6, because the litigation was not pending at the time the agreement was executed. (*Kirby, supra,* 78 Cal.App.4th at p. 846.) If an action is pending, the parties agree to a settlement, and the action is dismissed, the settlement may not be enforced by a motion under section 664.6 in a separate action that was not pending at the time of the settlement, because the settlement was not made in the second action while it was pending in order to resolve the second action. (*Kirby, supra,* at p. 844.) However, when a settlement agreement settles more than one pending action, a motion to enter judgment pursuant to the settlement under section 664.6 may be filed in any of the pending actions. (Cf. *Casa de Valley View Owner's Assn. v. Stevenson* (1985) 167 Cal.App.3d 1182, 1185-1186 [settlement agreement settled claims in two cases and motion for entry of judgment pursuant to section 664.6 was made in one of them].)

The dissolution action was still pending when Wife made her motion to enforce the settlement agreement under Code of Civil Procedure section 664.6. Therefore, the trial court had jurisdiction to enforce the settlement, which included Husband's agreement to dismiss the fraud action and enter into general release of claims under Civil Code section 1542.

## Amount of Child Support Payment

Husband contends the trial court abused its discretion in setting the amount of child support based on the child support guideline amount. Specifically, Husband argues that his noncustodial child care expenses substantially exceeded the total amount he was expected to be able to pay, and therefore the burden should have been on Wife to prove the amount of child support necessary. However, at the child support hearing, Husband sought to have a portion of the monitoring expenses credited to him as reasonable child care expenses. The court refused to provide Husband with a credit for child care expenses, because he did not incur any portion of the expense in order to work or go to school. It was also clear from the hearing that Husband paid a full-time salary for part-time monitoring services, which was unreasonable. The court in fact placed the burden

11

on Wife to prove the amount of child support was necessary by requiring her to submit proof of her child care expenses to Husband.  No abuse of discretion has been shown.

**Attorney Fees**

Husband contends that if any portion of the judgment is reversed, then the award of attorney fees as sanctions should be reversed.  Since we affirm the judgment, there is no issue on appeal concerning the award of attorney fees.

## DISPOSITION

The judgment is affirmed.  Respondent Sarah Evelyn Bram is awarded her costs on appeal.

KRIEGLER, J.

We concur:

TURNER, P. J.

MOSK, J.