Filed 10/26/22  Tahir v. Shah CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| ABU TAHIR, | B312028 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. VC067211) |
| v. | |
| RAFIQ SHAH, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Olivia Rosales, Judge.  Affirmed.

Abu Tahir, in pro. per., for Plaintiff and Appellant.

Law Office of Henry B. LaTorraca and Henry B. LaTorraca for Defendant and Respondent.

Appellant Abu Tahir and respondent Rafiq Shah entered into a contract in 2012 regarding their purchase of a market and its subsequent operation by their corporate entity, H.P. Palomino, Inc. (Palomino). In 2018, Tahir filed a breach of contract action in Los Angeles County Superior Court against Shah and Palomino (the contract action).

Shah subsequently filed a small claims action against Tahir in the Small Claims Division of Los Angeles County Superior Court. In 2019, Tahir and Shah entered into a settlement agreement, under which Shah agreed to dismiss his small claims action and Tahir agreed to, among other things, "withdraw" his "claim" against Shah and Palomino.

Shah immediately dismissed the small claims action pursuant to the settlement agreement. At the time of the dismissal, the small claims court stated that it was reserving jurisdiction to enforce the settlement agreement pursuant to Code of Civil Procedure, section 664.6.[1]

In 2020, Shah filed a motion in the contract action for judgment of dismissal pursuant to the settlement agreement. The superior court granted the motion and denied Tahir's subsequent motion for reconsideration.

Tahir appeals from the dismissal of the contract action. He contends that the superior court lacked jurisdiction to hear the motion because the small claims court reserved exclusive jurisdiction to enforce the settlement agreement. Tahir also argues that language in the settlement agreement requiring him to "withdraw" his "claim" against Shah was not an agreement to

---

[1] All further statutory references are to the Code of Civil Procedure unless otherwise indicated.

2

dismiss the contract action.  We find that Tahir forfeited both arguments by failing to raise them below.  Moreover, even if we reached the merits, we would conclude that Tahir has failed to establish any error.  We therefore affirm the judgment.

## FACTUAL AND PROCEDURAL HISTORY

### I.    Tahir's Complaint

Tahir, in propria persona,[2] filed a complaint in superior court on June 15, 2018 against Shah and Palomino.  As alleged in the operative first amended complaint, Tahir brought causes of action for breach of written contract, open book account, account stated, conversion, accounting, and involuntary dissolution of corporation.  Tahir alleged that he and Shah entered into a written agreement in February 2012 to purchase a grocery store, for which Tahir would contribute $100,000, Shah would contribute $50,000, and Shah would obtain a construction loan of $570,000 in Tahir's name to be repaid with the profits.  The contract also provided that Shah would pay Tahir $5,000 per month.  Tahir and Shah agreed that they would be partners in the store, which they renamed the Palomino Market.  They operated the store under their corporate entity Palomino, with Tahir serving as the chief executive officer and Shah as the secretary.

Tahir further alleged that Shah breached the agreement by failing to deliver Tahir's $5,000 monthly payments.  He sought actual damages "in excess of $836,500," as well as punitive damages and costs.

---

[2]    Tahir represented himself in the trial court and does so again on appeal.

3

## II.    Small Claims Action and Settlement

On March 26, 2019, Shah filed an action against Tahir in small claims court, case number 19BFSC01553.[3]  On June 12, 2019, at the small claims courthouse, the parties entered into a handwritten agreement stating the following (errors in the original):

"Abu Tahir agrees to perform and satisfy following conditions, in return Rafiq Shah will drop the case #19BFSC01553:

(1) Send all necessary document to USDA in relates to EBT renewal on or before 6/18/2019.
(2) Cooperate in future administrative mater of H.P. Palomino Inc. such as WIC renewal.
(3) Will withdraw the claim in relates to Toyota Tundra.
(4) Palomino Market will pay $500/month for 6 months, total $3000.
(5) Abu Tahir to bring proof of contribution above and beyond $29,000, which he claims to be not documented as his loan to H.P. Palomino Inc. toward completion of remodeling and/or operational expense.
(6) Abu Tahir to 1st offset his deffered salary equivalent to Rafiq Shah's deffered salary then cut that remaining amount in 1/2.  Tahir will consider that amount as a loan to the company.
(7) Rafiq Shah to make sure to keep all accounting related document all the time in business office.

---

[3]    The record contained no information regarding the basis of the small claims action.  In his briefing, Tahir alleges that it was "unrelated" to the contract action.

(8) Abu Tahir will withdraw claim against H.P.
Palomino Inc and Rafiq Shah on or before June 25,
2019."

The contract contained signatures for Tahir and Shah,
along with a witness.

The same day, the small claims court held a hearing at
which both Tahir and Shah were present.[4]  According to the
minute order of the hearing, the court noted that the settlement
agreement was a "mediated agreement" and incorporated a copy
of the agreement into the minutes by reference.  The court
dismissed Shah's small claims action without prejudice pursuant
to the settlement agreement.  The court further stated it was
retaining jurisdiction "to make orders to enforce any and all
terms of settlement, including judgment," pursuant to section
664.6.

## III.  Dismissal of Contract Action

In July 2019, Shah filed a motion for summary judgment in
the contract action based on the settlement agreement.  Tahir did
not file an opposition.  On October 31, 2019, the court denied the
motion as moot in light of the parties' settlement.  The court
ordered Tahir to file either a request for dismissal of the action or
a notice of settlement indicating when such a dismissal would be
filed.  The court also set a hearing on an order to show cause re:
dismissal for November 13, 2019.

At the hearing on the court's order to show cause, Tahir
stated that the case did not settle.  The court notified the parties
that they could file a motion to enforce the settlement agreement

---

[4]     The record contains a minute order of the hearing.  No
court reporter was present.

and rescheduled a trial setting conference.

On October 1, 2020, Shah filed a motion for judgment in the contract action pursuant to section 664.6. He argued that he had complied with his portion of the settlement agreement, but Tahir had not, as he had not dismissed the contract action. Shah submitted a declaration in support of the motion, in which he stated that he and Tahir had signed the agreement on June 12, 2019 and that Shah had dismissed his lawsuit and made periodic payments to Tahir pursuant to that agreement. Shah also declared that Tahir had agreed in paragraph eight of the settlement to dismiss the contract action, but had failed to do so. Shah attached a copy of the settlement agreement to his declaration. He also attached the minute order dismissing the small claims action, as well as documents purporting to demonstrate his compliance with the remaining terms of the settlement. At the same time, Shah filed a renewed motion for summary judgment, citing Tahir's failure to comply with the court's order to file a request for dismissal or notice of settlement.

Tahir opposed the renewed motion for summary judgment, arguing that there were triable issues of fact on his claims and that Shah had failed to produce necessary accounting documents. In his opposition to the separate statement of undisputed facts, Tahir disputed Shah's claims regarding the settlement agreement by stating that Shah filed a "fraudulent" small claims case "to get my signature." He did not otherwise dispute the fact that his signature appeared on the settlement agreement. He also did not dispute Shah's contention that the agreement required him to dismiss the contract action by June 25, 2019; in his response to that fact, he stated that "it was a Fraudulent case," and claimed that Shah had failed to do everything required

6

under the settlement agreement.

Tahir also filed an opposition to the motion for judgment. His opposition brief largely echoed his opposition to summary judgment and focused on the merits of his breach of contract claims. Tahir also stated in the opposition that he "did not enter into any settlement agreement with Defendants and is not bound by any obligation to Defendants." He provided no further elaboration or factual citation supporting this statement. Tahir verified his opposition brief but did not provide a supporting declaration. Additionally, Tahir's opposition did not raise either point he now raises on appeal.

Shah replied, objecting that the opposition was untimely and did not provide any facts to rebut the showing in the motion. Shah also argued that Tahir implicitly admitted signing the settlement agreement and retaining the payments made by Shah in satisfaction of that agreement.

The court held a hearing on the motion for judgment on January 12, 2021.[5] Tahir did not appear. The court granted the motion, finding that the parties entered into a settlement agreement and that the terms were sufficiently definite. Although Tahir claimed he did not enter into an agreement, the court noted that the settlement was reached at the small claims courthouse, Tahir appeared before the small claims court on that date, and the agreement bore his signature. Further, Tahir failed to present any evidence to the contrary. Accordingly, the

---

[5] The record on appeal contains the minute orders for the superior court's order to show cause hearing on November 13, 2019 and the motion for judgment hearing on January 12, 2021. There was no court reporter present for either hearing.

7

court dismissed Shah and Palomino as defendants from the contract action pursuant to the settlement agreement. The court also denied the summary judgment motion as moot. Shah served the notice of ruling by mail on Tahir on January 13, 2021.

Tahir filed a motion for reconsideration on February 4, 2021. He claimed he had not received the court's order granting the motion for judgment. Tahir also stated that he had been unable to attend the January 12 hearing because of illness. In his motion, Tahir no longer denied the existence of the settlement. Instead, he contended that only the small claims court retained jurisdiction over enforcement of the settlement. He also argued that the defendants had breached the settlement by failing to provide certain documents.

The court entered judgment of dismissal on February 18, 2021. The court subsequently denied the motion for reconsideration on March 23, 2021. The court found that the motion was untimely, that the new arguments were waived, and on the merits, that Tahir failed to provide any authority that the small claims court had exclusive jurisdiction. Moreover, Tahir did not dispute entering into the agreement or its terms. Finally, the court noted that it no longer had jurisdiction to reconsider interim orders once the judgment was entered.

Tahir timely appealed from the judgment of dismissal.

## DISCUSSION

Tahir raises two contentions on appeal. First, he argues that the superior court lacked jurisdiction to enforce the terms of the settlement agreement because the small claims court had reserved jurisdiction under section 664.6. Second, he contends that even if the superior court had jurisdiction, it erred in interpreting the settlement agreement to require dismissal of the

contract action. Shah contends that both arguments are forfeited, as Tahir failed to raise them below. We agree that both arguments are forfeited.[6] Further, even if we considered the merits of Tahir's appeal, we would conclude that he has not met his burden to establish error.

## I.     Section 664.6

"Section 664.6 was enacted to provide a summary procedure for specifically enforcing a settlement contract without the need for a new lawsuit." (*Weddington Productions, Inc. v. Flick* (1998) 60 Cal.App.4th 793, 809 (*Weddington*).) At issue here is section 664.6, subdivision (a), which provides, "If parties to pending litigation stipulate, in a writing signed by the parties outside of the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement. If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement."

A court acting under section 664.6 may "receive evidence, determine disputed facts, and enter the terms of a settlement

---

[6]     Although the parties use the term "waived," the correct term in this circumstance is "forfeited." As our Supreme Court has explained, "'waiver' means the intentional relinquishment or abandonment of a known right," while "forfeiture" "results when a party fails to preserve a claim by raising a timely objection." (*Quigley v. Garden Valley Fire Protection Dist.* (2019) 7 Cal.5th 798, 805, fn. 4, quoting *Lynch v. California Coastal Com.* (2017) 3 Cal.5th 470, 475–476; see also *People v. Simon* (2001) 25 Cal.4th 1082, 1097, fn. 9 ["'forfeiture' is used to refer to the loss of a right resulting from the failure to assert it in a timely fashion"].)

agreement as a judgment." (*Weddington, supra*, 60 Cal.App.4th at p. 810; see also *Fiore v. Alvord* (1985) 182 Cal.App.3d 561, 566.) Section 664.6's "express authorization for trial courts to determine whether a settlement has occurred is an implicit authorization for the trial court to interpret the terms and conditions to settlement." (*Skulnick v. Roberts Express, Inc.* (1992) 2 Cal.App.4th 884, 889, citing *Fiore v. Alvord, supra,* 182 Cal.App.3d at p. 566.)

We affirm the factual determinations made by the trial court if they are supported by substantial evidence. (*Weddington, supra,* 60 Cal.App.4th at p. 815; *Skulnick v. Roberts Express, Inc., supra*, 2 Cal.App.4th at p. 889.) We review the trial court's legal conclusions de novo. (See *Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175.)

## II.    Jurisdiction

Tahir contends that the superior court lacked jurisdiction to hear or rule on Shah's motion for judgment because the small claims court had retained jurisdiction under section 664.6 to enforce the settlement. We agree with Shah that this contention has been forfeited.

"It is well established that issues or theories not properly raised or presented in the trial court may not be asserted on appeal, and will not be considered by an appellate tribunal." (*In re Marriage of King* (2000) 80 Cal.App.4th 92, 117.) A party who fails to raise an issue in the trial court has therefore forfeited the right to do so on appeal. (*Ibid*.; see also *Kern County Dept. of Child Support Services v. Camacho* (2012) 209 Cal.App.4th 1028, 1038 ["It is axiomatic that arguments not raised in the trial court are forfeited on appeal."]; *Kashmiri v. Regents of University of California* (2007) 156 Cal.App.4th 809, 830 ["'[I]t is fundamental

10

that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court.'"].)

Here, Tahir failed to raise the jurisdictional issue in his opposition to Shah's motion for judgment. While he asserted it in his subsequent motion for reconsideration, he gave no basis for his failure to do so in a timely manner in his opposition to the motion for judgment. As such, the issue has been forfeited.

Moreover, even if we were to consider the merits of Tahir's claim, he failed to provide any authority to support his argument that the small claims court had *exclusive* jurisdiction over enforcement of the settlement agreement. In essence, Tahir contends that the superior court was barred from ordering dismissal of its own case despite the evidence presented, and that dismissal of the contract action would have to be handled by the small claims court. He cites no authority supporting that contention. Tahir's unsupported assertion cannot meet his burden to demonstrate error on appeal. (See, e.g., *People v. Stanley* (1995) 10 Cal.4th 764, 793 ["'[E]very brief should contain a legal argument with citation of authorities on the points made. If none is furnished on a particular point, the court may treat it as waived, and pass it without consideration.'"]; *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655 [appellant must meet burden by "presenting legal authority on each point made and factual analysis, supported by appropriate citations to the material facts in the record; otherwise, the argument may be deemed forfeited"].) "[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the

trial court committed an error that justifies reversal of the judgment." (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608.) Tahir has failed to make such a showing.

We also note that Tahir's status as a self-represented litigant does not excuse his failure to timely raise arguments or to provide sufficient authority to support his claims. A party proceeding in propria persona must "'be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys.' . . . Indeed, "'the in propria persona litigant is held to the same restrictive rules of procedure as an attorney.'"'" (*First American Title Co. v. Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1.) "A doctrine generally requiring or permitting exceptional treatment of parties who represent themselves would lead to a quagmire in the trial courts, and would be unfair to the other parties to litigation." (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985.)

## III. Interpretation of the Contract

Tahir argues that the terms of the settlement agreement reflected only his assent to "withdraw" some unspecified "claim" against Shah and Palomino, but did not require the dismissal of the contract action. He also failed to raise this argument below, instead claiming that no settlement agreement existed. As such, he has forfeited this claim on appeal. (See *In re Marriage of King, supra,* 80 Cal.App.4th at p. 117; *Kashmiri v. Regents of University of California, supra,* 156 Cal.App.4th at p. 830.)

Tahir asserts that we may consider this issue for the first time on appeal because "all the facts necessary to address the point are before the court as fully as if the issue had been raised at trial." Even if we were to consider the merits of Tahir's claim, however, we would conclude that he has failed to demonstrate

12

error.

The superior court found that the parties had entered into a valid settlement agreement, the terms were sufficiently definite, and paragraph eight of that agreement called for dismissal of the contract action. These findings were consistent with the plain language of the settlement agreement. "A settlement agreement is a contract, and the legal principles which apply to contracts generally apply to settlement contracts." (*Weddington, supra,* 60 Cal.App.4th at p. 810; see also *In re Marriage of Hibbard* (2013) 212 Cal.App.4th 1007, 1013 (*Hibbard*).) "'The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties. [Citation.] If contractual language is clear and explicit, it governs." (*People v. Shelton* (2006) 37 Cal.4th 759, 767; see also Civ. Code, § 1636.) "On the other hand, '[i]f the terms of a promise are in any respect ambiguous or uncertain, it must be interpreted in the sense in which the promisor believed, at the time of making it, that the promisee understood it.' "The mutual intention to which the courts give effect is determined by objective manifestations of the parties' intent, including the words used in the agreement, as well as extrinsic evidence of such objective matters as the surrounding circumstances under which the parties negotiated or entered into the contract; the object, nature and subject matter of the contract; and the subsequent conduct of the parties.""' (*Hibbard, supra,* 212 Cal.App.4th at p. 1013, quoting *People v. Shelton, supra,* 37 Cal.4th at p. 767; accord, *In re Marriage of Simundza* (2004) 121 Cal.App.4th 1513, 1518 ["The basic goal of contract interpretation is to give effect to the parties' mutual intent at the time of contracting."].) "'Extrinsic evidence is admissible to prove a meaning to which the contract is

13

reasonably susceptible.'" (*Iqbal v. Ziadeh* (2017) 10 Cal.App.5th 1, 8.)

Here, the evidence submitted by Shah in support of his motion for judgment included the written settlement agreement, his dismissal of the small claims action, his payments made to and accepted by Tahir in compliance with the agreement, and his statement that the parties' intention at the time of the agreement was mutual dismissal of the respective lawsuits.  By contrast, Tahir offered no evidence that at the time of the settlement, he contemplated any "withdrawal" of a "claim" against Shah and Palomino other than the contract action. Indeed, he offered no evidence about his intent at all, as he did not submit a declaration or other evidence relevant to the interpretation of the settlement agreement.  As such, we find the evidence in the record supports the superior court's dismissal of the contract action pursuant to the terms of the settlement agreement.[7]

**DISPOSITION**

The judgment is affirmed.  Shah is awarded his costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:


WILLHITE, ACTING P.J.                    CURREY, J.

---

[7]     We need not reach Shah's arguments about Tahir's motion for reconsideration, as Tahir has not appealed from the denial of that motion.

14