Filed 3/21/22  Labor Commissioner of the State of Cal. v. Archilles CA1/3
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| LABOR COMMISSIONER OF THE STATE OF CALIFORNIA, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> PHILLIP ACHILLES, ET AL., <br><br> Defendants and Appellants. | A160658 <br><br> (San Francisco City & County Super. Ct. No. CGC-18-571050) |

Appellants Phillip Achilles, Theos Fedro Holdings LLC ("Theos Fedro Holdings"), and American Airporter Shuttle ("AAS") (collectively the "Achilles Defendants") contend the trial court erroneously entered judgment against them in favor of respondent Labor Commissioner of the State of California ("Labor Commissioner") after the Labor Commissioner successfully moved the court to enforce the settlement agreement reached by the parties.  The Achilles Defendants argue the trial court erred because the parties' underlying settlement agreement was improperly signed and the motion to enforce the settlement agreement was based on inadmissible evidence.  They also contend the provision in the judgment ordering them to pay the settlement amount in full, rather than in installments, was improper absent

an acceleration clause in the agreement.  We disagree on all points, and therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2012 and 2013, six airport shuttle van drivers filed individual administrative wage claims with the Labor Commissioner's Wage Claim Adjudication Unit ("WCA") asserting their employer, AAS, and its CEO and owner, Achilles, misclassified them as independent contractors and denied them minimum wage, overtime, and reimbursements for job-related expenses.

The Labor Commissioner stayed these individual wage claim cases while its Bureau of Field Enforcement ("BOFE") opened and pursued a separate investigation into AAS.  In July 2013, a BOFE investigator determined that the six individuals had been misclassified as independent contractors.  The BOFE investigator also found that AAS and Achilles failed to pay the minimum wage and overtime wages, schedule or provide for meal periods, or give itemized wage statements as required by the Labor Code.  The BOFE issued $384,929.28 in assessments against AAS and Achilles for restitution and penalties.

AAS and Achilles appealed the citations.  Administrative hearings were held over the course of seven days in November 2015.  In May 2016, the administrative hearing officer issued a 44-page decision which found AAS and Achilles had misclassified their van drivers as independent contractors when they were instead AAS employees. Violations of minimum wage overtime and other Labor Code protections were also affirmed.  The hearing officer did find errors in the BOFE penalty calculation and reduced the assessments to $220,457.23, for which AAS and Achilles were held jointly and severally liable.

2

In June 2016, AAS and Achilles filed *American Airporter, Inc. v. California Labor Commissioner*, Case No. CPF-16-515101, in San Francisco Superior Court, in which they sought a writ of mandate to reverse the Labor Commissioner's decision. According to the Labor Commissioner, they made no effort to prosecute the case.

In late 2017, the Labor Commissioner discovered that Achilles was attempting to sell commercial property he owned at 819 Ellis Street in San Francisco (the "Ellis Property"). In response, the Labor Commissioner obtained liens against the Ellis Property for the amounts due under the BOFE citations. In February 2018, Achilles transferred title to the Ellis Property to Theos Fedro Holdings, an entity that had been organized and registered with the California Secretary of State a few months earlier and for which Achilles was its sole managing member.

The Labor Commissioner filed a fraudulent conveyance suit against the Achilles Defendants for the transfer of the Ellis Property. In this lawsuit, the Labor Commissioner alleged Achilles transferred his property to Theos Fedro Holdings, a shell company, for no consideration in order to obstruct and delay the Labor Commissioner's ability to collect restitution due to workers and penalties due to the state. The Labor Commissioner requested the transfer be set aside and void and the property be liquidated to satisfy the Labor Commissioner's claims. The requested $1.35 million in damages included the full amount of restitution due AAS's former drivers. The Labor Commissioner later added the wage and hour claims on behalf of the individual van drivers which had been previously stayed.

In February 2019, the parties mediated their dispute and executed a settlement agreement captured in a two-page "Attachment to Stipulation for Settlement." Under the agreement, the Achilles Defendants agreed to make

a settlement payment of $800,000 to the Labor Commissioner with an initial payment of $125,000 within 90 days of the agreement's execution, another payment of $125,000 within one year of the first payment, and the remaining $550,000 over a period of 4 years in quarterly installments. The Achilles Defendants agreed that the amounts due under the settlement agreement were to be secured with a deed of trust for the Labor Commissioner on the Ellis Property. The final paragraph of the document noted the parties' agreement to work in good faith to execute a formal long-form settlement agreement.

Two weeks after mediation, the Labor Commissioner circulated a proposed long-form settlement agreement but received no feedback from the Achilles Defendants for weeks. In addition, the Achilles Defendants refused to comply with the agreement's provision that they provide a deed of trust to guarantee the settlement payments and then endeavored to renegotiate the agreement's terms. They also announced they did not have the funds for the first payment and would not be making the payment. No money was received by the Labor Commissioner on the stipulated payment date.

In September 2019, the Labor Commissioner moved to enforce the settlement agreement pursuant to Code of Civil Procedure 664.6. Though the Achilles Defendants filed no opposition and tendered no challenge to the Labor Commissioner motion, they requested a hearing on the motion to address the timing of payments. When counsel for the Labor Commissioner estimated that it would be one to two-and-a-half months before damages would need to be paid, counsel for the Achilles Defendants responded, "[W]e are fine with that." In December 2019, the court granted the Labor Commissioner's unopposed motion to enforce the settlement agreement.

In January 2020, the Labor Commissioner filed a motion for

4

entry of judgment. This time, the Achilles Defendants submitted written opposition to the motion. They set forth substantive arguments against the settlement agreement and argued it should be rescinded because it was the product of mutual mistake and violated their right to a jury trial and due process. At the hearing, defense counsel argued that AAS was the sole defendant judgment should be entered against and that Achilles should have been dismissed. Observing that the issue of Achilles' dismissal had not been raised in December 2019 or in the recent opposition, the trial court rejected these arguments. The court recognized that Achilles continued to be a defendant in the case and granted the Labor Commissioner's motion for entry of judgment. It ordered the Achilles Defendants "to pay $800,000 plus interest and to execute a deed of trust as to the property at 819 Ellis Street" and "prohibited [them] from classifying their drivers as independent contractors." Judgment was entered for the Labor Commissioner. This appeal followed.

## DISCUSSION

### A. Code of Civil Procedure section 664.6

Observing that the settlement agreement was signed by Labor Commissioner attorney Matthew Sirolly "on behalf of the Labor Commissioner"—rather than by the Labor Commissioner herself—the Achilles Defendants contend the signature requirements for relief under Code of Civil Procedure section 664.6 were not satisfied so the trial court lacked jurisdiction to enter judgment pursuant to the terms of the settlement.

Code of Civil Procedure section 664.6 states, in relevant part, "[i]f parties to pending litigation stipulate, in a writing signed by the parties outside of the presence of the court or orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment

5

pursuant to the terms of the settlement." (Code Civ. Proc. § 664.6, subd. (a).)
The statute further provides, "For purposes of this section, a writing is signed
by a party if it is signed by any of the following: (1) The party. (2) An
attorney who represents the party. (3) If the party is an insurer, an agent
who is authorized in writing by the insurer to sign on the insurer's behalf."
(*Id.*, § 644.6, subd. (b).)

This argument regarding the signatory has been forfeited. " 'In order to
preserve an issue for appeal, a party ordinarily must raise the objection in
the trial court.' [Citation.] 'The party also must cite to the record showing
exactly where the objection was made.' [Citation.] As the California
Supreme Court recently reaffirmed, 'a reviewing court ordinarily will not
consider a challenge to a ruling if an objection could have been but was not
made in the trial court.' [Citation.] 'The purpose of this rule is to encourage
parties to bring errors to the attention of the trial court, so that they may be
corrected.' " (*K.C. Multimedia, Inc. v. Bank of America Technology &
Operations, Inc.* (2009) 171 Cal.App.4th 939, 948–949 (*K.C. Multimedia*).)

The Achilles Defendants failed to object to Sirolly signing the
settlement agreement on behalf of the Labor Commissioner at any point in
the trial court proceedings. In fact, they filed no opposition to the Labor
Commissioner's section 664.6 motion to enforce the parties' settlement
agreement. When the motion was heard, counsel acknowledged they had
submitted no opposition and only sought clarification about the timing of
payments. Counsel even represented that the Achilles Defendants were
"fine" with the plan for payments. Moreover, when the Achilles Defendants
attempted to undermine the settlement agreement a second time with their
written opposition to the Labor Commissioner's subsequent motion for entry
of judgment, they still did not include an objection to Sirolly's signature on

6

the settlement agreement amongst their many other untimely attacks. Since the Achilles Defendants could have raised the signature issue in the trial court but did not, we shall not consider it and reject their contention that the requirements of section 664.6 were not satisfied or the court lacked jurisdiction to enter judgment on this basis.

### B.     Evidence Code section 702

The Achilles Defendants further argue entry of judgment under section 664.6 was erroneous because it was based on inadmissible evidence in violation of Evidence Code section 702. They contend the "sole evidence that [they] were in default on the settlement agreement . . . [was] the uncorroborated declaration of [the Labor Commissioner's] attorney" Sirolly who "did not seem likely [to] . . . have percipient knowledge of the receipt of a payment, or the lack thereof, by a government agency." They assert his declaration should not have been considered because they had lodged an objection to it, and no showing was made that Sirolly had personal knowledge of the matters he testified to as required by Evidence Code section 702.

"When ruling on a section 664.6 motion, the court in effect acts as a trier of fact. '[T]he trial court must determine whether the parties entered into a valid and binding settlement of all or part of the case. In making this determination, *trial judges, in the sound exercise of their discretion, may receive oral testimony or may determine the motion upon declarations alone*.'" (*Fiore v. Alvord* (1985) 182 Cal.App.3d 561, 565.)

Evidence Code section 702 states that "the testimony of a witness concerning a particular matter is inadmissible unless he has personal knowledge of the matter. Against the objection of a party, such personal knowledge must be shown before the witness may testify concerning the matter." (Evid. Code, § 702 subd. (a).) In addition, "[a] witness' personal

7

knowledge of a matter may be shown by any otherwise admissible evidence, including his own testimony." (*Id.*, § 702, subd. (b).)

This argument, too, has been forfeited. Under Evidence Code section 353, a judgment shall not be reversed by reason of the erroneous admission of evidence unless "[t]here appears of record an objection to or a motion to exclude or to strike the evidence that was timely made and so stated as to make clear the specific ground of the objection or motion." (Evid. Code, § 353, subd. (a).) " 'In accordance with this statute, [the Supreme Court] ha[s] consistently held that the "defendant's failure to make a timely and specific objection" on the ground asserted on appeal makes that ground not cognizable.' " (*People v. Partida* (2005) 37 Cal.4th 428, 433–434.)

The Achilles Defendants' challenge to the Sirolly declaration is not a cognizable ground for appeal. The Sirolly declaration was submitted in support of the Labor Commissioner's section 664.6 motion to enforce the settlement agreement. As noted, the Achilles Defendants filed no opposition to the motion and thus raised no timely objection to the declaration. Further, at the hearing on the section 664.6 motion during which the Achilles Defendants counsel only sought clarification about the timing of payments, they did not deny or raise any objection to the declaration or its contents.

While the Achilles Defendants eventually did object to the Sirolly declaration, those objections were still untimely. Their objections were filed on March 5, 2020, in support of their opposition to the Labor Commissioner's subsequent motion for entry of judgment. However, three months earlier on December 3, 2019, the court had already granted the motion to enforce the settlement which the Sirolly declaration supported. When the evidentiary objections were filed, the issue before the court was the form of judgment, not the enforceability of the settlement agreement. Thus, by that time, it had

8

already established that the settlement agreement would be enforced against the Achilles Defendants. Accordingly, we shall not consider the Achilles Defendants' Evidence Code section 702 argument and reject their contention that the Sirolly declaration was defective. (See *K.C. Multimedia*, *supra*, 171 Cal.App.4th at pp. 948–949.)

Even if we assume no forfeiture, the evidentiary objections fail. The Achilles Defendants objected to the Sirolly declaration based on the absence of any showing or averment in his statement that the matters were within his personal knowledge. They also objected to Sirolly's statements regarding their failure to make a settlement payment as hearsay. There is no merit to these objections as Sirolly testified he was an attorney of record for the Labor Commissioner in the case against the Achilles Defendants. We reject the argument that Labor Commissioner's counsel of record who worked the case, prepared the various motions, and mediated against opposing counsel lacked personal knowledge about the particulars of the litigation, or that he did not have a sufficient foundation for his testimony absent a recitation stating he had personal knowledge of the facts stated.

## C.  Acceleration Clause

Lastly, the Achilles Defendants argue the trial court improperly accelerated their obligation to pay the full settlement amount despite the absence of an acceleration clause in the settlement agreement. Without an acceleration clause, the Achilles Defendants contend the trial court's order entitling the Labor Commissioner to recover $800,000 plus prejudgment interest from them in a single lump sum constituted a violation of Code of Civil Procedure section 1858.

As described above, the parties' settlement agreement contemplated the $800,000 settlement amount would be paid in multiple installments

across a 5-year period, with an initial $125,000 payment by May 2019 and another $125,000 within a year of that initial payment. Because the Achilles Defendants never made an initial payment or any other payment under the terms of the settlement agreement, the Labor Commissioner was compelled to seek intervention by the trial court to enforce it. After the Labor Commissioner successfully moved to enforce the settlement agreement, the court issued a judgment ordering the Achilles Defendants to pay $800,000 plus interest.

This argument has also been forfeited. As with the two prior arguments, the Achilles Defendants never raised this argument in the trial court. The Labor Commissioner's motion for entry of judgment clearly stated that the Labor Commissioner sought entry of judgment for among other things, "$800,000 plus additional costs, fees and interest." The Labor Commissioner expressly requested that judgment be entered for the full amount due under the parties' settlement agreement, notwithstanding the absence of an explicit acceleration clause and further argued that based on common practice and the other terms of the agreement, the parties intended a stipulated judgment for the full balance due in the event of default. The Achilles Defendants did not respond to these requests or otherwise address the issue in their written opposition or at the hearing on the motion. Since the Achilles Defendants could have challenged the accelerated payment in the trial court but did not, we shall not consider it now and reject their contention that the lump sum settlement payment ordered in the judgment rendered the court's enforcement of settlement or entry of judgment erroneous.

## DISPOSITION

10

The judgment is affirmed. Costs on appeal are awarded to the Labor Commissioner.

_____
Petrou, J.

WE CONCUR:


_____
Tucher, P.J.


_____
Rodríguez, J.

A160658/*Labor Commissioner of the State of California v. Achilles, et al.*

12