Filed 2/17/26  Rios v. Puente Hills Ford CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| ALEJANDRO RIOS,<br><br>Plaintiff and Appellant,<br><br>v.<br><br>PUENTE HILLS FORD, LLC,<br><br>Defendant and Respondent. | B344199<br><br>(Los Angeles County<br>Super. Ct. No. 24NNCV00486) |

APPEAL from a judgment of the Superior Court of Los Angeles County, William A. Crowfoot, Judge.  Affirmed.

Alejandro Rios, in pro. per., for Plaintiff and Appellant.

The Aguilera Law Group, Raymond E. Brown and Lindsee B. Falcone for Defendant and Respondent.

———————————

Alejandro Rios, in pro. per., appeals from the judgment entered against him after the trial court granted defendant Puente Hills Ford, LLC's motion to enforce a settlement agreement entered into by the parties, pursuant to Code of Civil Procedure section 664.6.[1]  We affirm.

**FACTUAL AND PROCEDURAL BACKGROUND[2]**

Rios purchased a car from Puente Hills Ford.  Under the purchase agreement, Rios was entitled to four free oil changes.  Shortly after Rios obtained an oil change from Puente Hills Ford, the oil sensor light in his car came on again.  Rios's visual inspection of the oil revealed it to be "dark and dirty."  He had the oil drained from the car and submitted it for laboratory analysis, which revealed that the oil present was not consistent with newly replaced oil.

In March 2024, Rios filed this action against Puente Hills Ford, asserting causes of action for breach of contract, negligence, and fraudulent misrepresentation.

In April 2024, the parties entered into a settlement agreement and release.  In exchange for $3,500, Rios agreed to release claims concerning the oil change and to immediately dismiss the lawsuit with prejudice.  Rios also waived his rights under Civil Code section 1542.

Rios did not dismiss his complaint.  Instead, beginning in September 2024, Rios several times requested that default be entered against Puente Hills Ford.  The court clerk entered default in October 2024, after rejecting Rios's prior requests.

---

[1]    All further undesignated statutory references are to the Code of Civil Procedure.

[2]    We take our facts from the complaint.

Rios also attempted, unsuccessfully, to obtain a default judgment against Puente Hills Ford.

In December 2024, Puente Hills Ford moved to enforce the settlement agreement. In support of the motion, it submitted a declaration from its general manager and attached "[a] true and correct copy" of the parties' settlement agreement. The general manager declared that he had negotiated the settlement with Rios, arranged to have a written agreement prepared, reviewed the terms of the agreement in person with Rios, signed the agreement, watched Rios sign the agreement, and handed Rios the $3,500 check. The general manager declared under penalty of perjury that the contents of the declaration were true and correct. Puente Hills Ford also submitted a declaration from its service director, who witnessed Rios sign the agreement and saw the general manager hand Rios the settlement check.

Rios filed an objection to the motion but did not submit a supporting declaration. He thereafter filed "answers" to the motion and two exhibit lists. Puente Hills Ford filed an objection to the answers and exhibit lists on the grounds that they were untimely and unauthorized.

The trial court granted the motion to enforce the settlement, vacated the default, and entered a judgment of dismissal with prejudice. The court found that the settlement agreement had been properly authenticated and resolved Rios's claims against Puente Hills Ford. It observed that, "[c]ritically," Rios did not deny signing the settlement agreement or receiving the settlement payment. The court rejected Rios's assertion that the settlement agreement was not valid because it was not notarized and that there was no meeting of the minds because the agreement did not contain Rios's full legal name. The court

3

further concluded the plain language of the agreement contradicted Rios's claim that the $3,500 payment was "partial" and that he did not execute a comprehensive release.

Rios timely appealed.

## DISCUSSION

It is a fundamental rule of appellate review that an appealed judgment or order is presumed correct, and error must be affirmatively shown. (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609 (*Jameson*); *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) " 'In the absence of a contrary showing in the record, all presumptions in favor of the trial court's action will be made by the appellate court.' " (*Jameson*, at p. 609.) To overcome this presumption, the appellant has the burden of providing the appellate court with an adequate record demonstrating error. (*Ibid.*; *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.) It is also the appellant's burden to provide reasoned argument and citations to relevant legal authority to support that argument. (*Lee v. Kim* (2019) 41 Cal.App.5th 705, 721; *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277.) Accordingly, "[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as forfeited." (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1075.) These "same rules apply to a party appearing in propria persona as to any other party." (*Flores v. Department of Corrections & Rehabilitation* (2014) 224 Cal.App.4th 199, 205.)

Rios's opening brief contains no citations to the record and the record he designated is inadequate. Notably, it does not contain the declaration attaching the settlement agreement, on which the trial court necessarily relied. The failure to provide an

4

adequate record for appellate review requires that we affirm the lower court's order.  (*Jameson, supra*, 5 Cal.5th at p. 609.)

Rios also repeatedly cites cases for propositions they do not support.  Troublingly, Rios misquotes 10 existing cases (i.e., the quoted language appears nowhere in the decisions) and cites two cases that *do not exist*.[3]  Rios's self-represented status does not excuse him from compliance with the California Rules of Court, including rule 8.204(a)(1)(B), which requires that citations to legal authority support all assertions of law in a brief.  (See *Kobayashi v. Superior Court* (2009) 175 Cal.App.4th 536, 543 ["[p]ro. per. litigants are held to the same standards as attorneys"; applying rules of professional conduct to pro. per. litigant].)  Just as attorneys are required to verify that the citations in their briefs are accurate, so too are self-represented litigants.  (*Noland v. Land of the Free, L.P.* (2025) 114 Cal.App.5th 426, 446 (*Noland*).)  " ' "Honesty in dealing with the courts is of paramount importance, and misleading a judge is,

---

[3]  Rios cites "*Stanley v. Univ. of Southern California* (2022) 98 Cal.App.5th 151" for the proposition that a defendant's unilateral misunderstanding as to a plaintiff's intent is unenforceable against the plaintiff.  He cites "*Eustace v. Lynch* (2012) 209 Cal.App.4th 1457" for the proposition that general releases must be accompanied by a Civil Code section 1542 waiver.  These reporter citations lead to decisions with entirely different names, and which do not support Rios's claims.  Although we located decisions with the case names Rios provided, the existing *Stanley* decision is from a different jurisdiction and the existing *Eustace* case was decided 71 years before the nonexistent case Rios cites.  (*Stanley v. University of Southern California* (9th Cir. 1994) 13 F.3d 1313; *Eustace v. Lynch* (1941) 43 Cal.App.2d 486.)  The actual cases with these names do not support Rios's claims.

regardless of motives, a serious offense." ' [Citation.]" (*People v. Alvarez* (2025) 114 Cal.App.5th 1115, 1119 (*Alvarez*).)

This court and other appellate courts have imposed monetary sanctions on attorneys for conduct similar to that reflected in Rios's briefing. (*Noland, supra*, 114 Cal.App.5th at pp. 442–447; *Alvarez, supra*, 114 Cal.App.5th at pp. 1119–1120; *Schlichter v. Kennedy* (2025) 116 Cal.App.5th 24, 32–34.) Although we decline to impose sanctions in this matter, we strongly caution Rios that the future submission of a brief to this court containing fabricated cases or quotations may result in sanctions or having the offending brief stricken. (*Shayan v. Shakib* (2025) 116 Cal.App.5th 619, 625–626.)

Even if Rios has not forfeited his arguments on appeal, he does not demonstrate that the trial court erred in granting the motion to enforce the settlement.

Section 664.6, subdivision (a), provides: "If parties to pending litigation stipulate, in a writing signed by the parties outside [of] the presence of the court or orally before the court, for settlement of the case, . . . the court, upon motion, may enter judgment pursuant to the terms of the settlement." "The trial court's factual findings on a motion to enforce a settlement under section 664.6 'are subject to limited appellate review and will not be disturbed if supported by substantial evidence.' [Citation.]" (*Critzer v. Enos* (2010) 187 Cal.App.4th 1242, 1253.) Substantial evidence is "evidence of ponderable legal significance, evidence that is reasonable, credible and of solid value." (*Minnegren v. Nozar* (2016) 4 Cal.App.5th 500, 507.) We consider the evidence in the light most favorable to the prevailing party and resolve conflicts in support of the trial court's findings. (*Estate of Young*

6

(2008) 160 Cal.App.4th 62, 76.) We independently review issues of law. (*Critzer*, at p. 1253.)

Substantial evidence supports the trial court's ruling. Puente Hills Ford submitted a settlement agreement, signed by Rios, in which Rios agreed to release all claims concerning the oil change and all claims that could have been asserted in his lawsuit. Rios further agreed to dismiss the lawsuit with prejudice. Puente Hills Ford also submitted declarations from its general manager and service director attesting that they saw Rios sign the agreement and that Rios received the settlement payment. Although we generally "look only at the evidence and reasonable inferences supporting the successful party, and disregard the contrary showing" (*Howard v. Owens Corning* (1999) 72 Cal.App.4th 621, 631), we note that Rios did not submit a declaration and did not refute that the settlement agreement was genuine, that he signed it, or that he received payment.

The trial court did not err in concluding that the settlement agreement was properly authenticated. A "proponent's burden of producing evidence to show authenticity ([Evid. Code,] § 1400) is met 'when sufficient evidence has been produced to sustain a finding that the document is what it purports to be. [Citation.]' [Citation.]" (*People v. Valdez* (2011) 201 Cal.App.4th 1429, 1435.) In his declaration, Puente Hills Ford's general manager stated under penalty of perjury that the agreement submitted to the court was a true and correct copy of the settlement agreement that he and Rios reviewed together and signed. This was sufficient to establish that the agreement was what it purports to be.

Rios contends the settlement agreement is unenforceable because it is not notarized, was not signed by a witness and

"[w]as not filed or exchanged through any court-authorized settlement process." However, "section 664.6 requires only that a settlement agreement be reduced to writing and signed by the parties, or orally stated in court." (*In re Marriage of Woolsey* (2013) 220 Cal.App.4th 881, 898.) Those requirements were satisfied. In *Woolsey*, the appellate court rejected the argument that a marital settlement agreement was unenforceable because it did not comply with a local court rule requiring that a property settlement agreement be notarized if the parties were unrepresented. (*Id.* at p. 899.) The court concluded that nothing in the Code of Civil Procedure or any other California code required the agreement to be notarized. Further, adding a notarization requirement would be "inconsistent with the Legislature's specifications of the requirements for enforceability." (*Ibid.*) Similarly, section 664.6 does not require that a settlement agreement be signed by a witness or exchanged through a court-authorized settlement process.

Rios also contends that the agreement was not enforceable because it did not identify specific causes of action to be released, specifically state it was intended to resolve a lawsuit, reference a Superior Court case number, or contain a Civil Code section 1542 release. The settlement agreement contradicts most of these claims. It defines the term "lawsuit" by reference to the Superior Court case number, states that the agreement is intended to resolve all claims that were or could have been raised in the lawsuit, and provides that Rios will dismiss the lawsuit with prejudice. It also contains an express waiver of Civil Code section 1542. That the settlement agreement does not list the causes of action Rios asserted does not render it unenforceable.

8

Rios argues that because he denied the existence of a settlement, the trial court was required to hold an evidentiary hearing. However, the cases he cites demonstrate that this is incorrect. *Osumi v. Sutton* (2007) 151 Cal.App.4th 1355 and *Fiore v. Alvord* (1985) 182 Cal.App.3d 561, provide that a trial judge ruling on a motion to enforce a settlement agreement may decide disputed facts and may consider oral testimony or may determine the motion *upon declarations alone*.[4] (*Osumi*, at p. 1360; *Fiore*, at p. 565.) The trial court acted within its discretion when it decided the motion based on the declarations Puente Hills Ford submitted.

Rios further claims the settlement agreement was unenforceable because it stated his name as "Alejandro Rios," rather than his full legal name, "Alejandro Rey Rios." We accept Rios's assertion that a contract must clearly identify the parties. However, as the trial court observed, Rios used "Alejandro Rios" in the caption of his complaint and other documents he filed with the trial court. Rios also signed both his complaint and his opening brief in this appeal as "Alejandro Rios." Rios evidently believed the abbreviated version of his name was sufficient to identify him for litigation purposes. There is no reason why it would not be sufficient to identify him as a party to the contract. There is also no legal authority to support Rios's claim that the contract is unenforceable because it did not use his full legal name.

The trial court did not err in rejecting Rios's claim that the settlement agreement was unenforceable because he did not intend to release all of his claims against Puente Hills Ford and

---

[4] Rios purports to quote from *Osumi* and *Fiore* in his brief on appeal, but the quotations do not exist in those cases.

the payment of $3,500 was "partial." As the court observed, the plain language of the settlement agreement contradicts this claim. The agreement provided for a "complete resolution" of Rios's claims against Puente Hills Ford. " ' "The general rule is that when a person with the capacity of reading and understanding an instrument signs it, he is, in the absence of fraud and imposition, bound by its contents, and is estopped from saying that its provisions are contrary to his intentions or understanding." ' [Citations.]" (*Jefferson v. Department of Youth Authority* (2002) 28 Cal.4th 299, 303.) Rios did not argue below or on appeal that Puente Hills Ford fraudulently induced him to sign the agreement. Thus, he is bound by its terms.

Finally, Rios contends the court abused its discretion in vacating the default because Puente Hills Ford did not make a motion under section 473, subdivision (b). We disagree.

Although Puente Hills Ford did not expressly move to vacate the default, the trial court vacated default in response to the motion to enforce the settlement. The trial court did not err in deeming Puente Hills Ford to have also moved to vacate the default. (See *Dill v. Berquist Construction Co.* (1994) 24 Cal.App.4th 1426, 1440, 1443–1445 (*Dill*) [finding "defendants' motions [to dismiss] implicitly included a request for relief from the default judgments entered against them" and affirming order dismissing the action].) In its motion to enforce the settlement, Puente Hills Ford pointed out that Rios had agreed to immediately dismiss his complaint with prejudice upon receiving payment pursuant to the settlement agreement but instead he attempted to obtain default and default judgment against Puente Hills Ford. It further asserted that it had never been served with

10

copies of the requests for entry of default and submitted a declaration attesting to this fact.

Thus, Puente Hills Ford's motion to enforce the settlement included evidence establishing that the default against it had been taken by "surprise" for purposes of section 473, subdivision (b). As in *Dill*, a motion to vacate the default would have been timely if brought with Puente Hills Ford's motion to enforce the settlement. (*Dill*, *supra*, 24 Cal.App.4th at p. 1444; § 473, subd. (b) [application for relief "shall be made within a reasonable time, in no case exceeding six months" after order or judgment].) Moreover, since the trial court correctly concluded that Rios released all claims asserted in this action, "nothing would be gained by insisting upon an express motion having been made." (*Dill*, at p. 1444.)

11

## DISPOSITION

The judgment is affirmed.  Puente Hills Ford, LLC shall recover its costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ADAMS, J.


We concur:


EDMON, P. J.


HANASONO, J.